■ FIREDOOR CORPORATION OF AMERICA, INC., Appellant, v MERLIN INDUSTRIES, LTD., et al., Respondents, and FIDELITY AND DEPOSIT INSURANCE COMPANY, Respondent-Appellant, et al., Defendant. — Order, Supreme Court, Bronx County (Di Fede, J., upon the opinion of Rosen, J.), entered February 10, 1981, insofar as it denied the branches of plaintiff Firedoor's motion for summary judgment to (i) dismiss Merlin's defenses, setoffs and counterclaims; and (ii) grant it $13,485 as the balance due under its subcontract with Merlin, unanimously modified, on the law, the branch of the motion to dismiss the defenses, setoffs and counterclaims granted, and, as modified, affirmed, without costs. Defendant Merlin Industries, Ltd. (Merlin) entered into an agreement with the New York City Housing Authority (Authority) to install elevator entrances in the Ingersoll-Whitman Housing Project in Brooklyn. Pursuant to a subcontract, plaintiff Firedoor Corporation of America, Inc. (Firedoor) was to supply Merlin with the elevator doors and frames needed to fulfill the main contract with the Authority. In its correspondence with Firedoor, Merlin claimed that Firedoor's entrances were either delivered late or were fabricated improperly. Eventually, Firedoor filed a bankruptcy petition under chapter 11 in the United States District Court. Merlin filed a claim of $70,874.11 against Firedoor for breach of the subcontract. However, Merlin defaulted and its claim was disallowed in the bankruptcy proceeding. In this action, Firedoor seeks to recover a balance of $13,519 due on its subcontract with Merlin. In its answer, Merlin raises defenses, setoffs and counterclaims in the same nature and amount as its prior claim in the bankruptcy proceeding. Upon plaintiff's motion for summary judgment, Merlin defaulted but its surety, defendant Fidelity and Deposit Insurance Company (Fidelity), sought to show that Firedoor's performance under the subcontract was imperfect. Special Term denied Firedoor's motion insofar as it sought (i) the dismissal of Merlin's defense, setoffs and counterclaims; and (ii) judgment in the sum of $13,485. The normal rules of *res judicata* and collateral estoppel apply to decisions of the bankruptcy courts. (*Katchen v Landy,* 382 US 323, 334; *Shea v Falls Canning Co.,* 231 App Div 535.) The bankruptcy court rejected Merlin's claim upon its default. This determination, although based upon a default, was upon the merits (*Collins v Bertram Yacht Corp.,* 53 AD2d 527, affd 42 NY2d 1033). Therefore, Special Term, under the principle of *res judicata,* should have granted the branch of Firedoor's motion to dismiss Merlin's defenses, setoffs and counterclaims since they were essentially the same as its previously rejected claim in the bankruptcy proceeding. Generally, a judgment entered against a principal upon default is only prima facie evidence against the surety. The latter remains at liberty to contest its own liability by establishing affirmatively that the principal was not liable (*Brescia Constr. Co. v Walart Constr. Co.,* 245 App Div 105, 108; 57 NY Jur, Suretyship and Guaranty, § 240, p 601). Even though Merlin's claim had been rejected in the bankruptcy court, Firedoor had an affirmative obligation in this case to show that $13,485 was due under the subcontract. In opposition to this branch of the motion, Fidelity submitted documentation, particularly the Authority's letter of January 28, 1974, that raised a factual issue as to whether Firedoor had properly supplied doors specified by the subcontract. Thus, this branch of the motion was correctly denied. Concur — Murphy, P. J., Sullivan, Ross and Bloom, JJ.

■ VAN SEPLOW, Appellant, v LICIA DE CAMILLIS, Respondent. — Order, Supreme Court, New York County (Okin, J.), entered on July 13, 1981, unanimously affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. The application by defendant-respondent to submit a supplemental brief denied. No opinion. Concur — Sandler, J. P., Ross, Carro and Silverman, JJ.