■ EXCHANGE NATIONAL BANK OF CHICAGO, Appellant-Respondent, v FERRIDGE PROPERTIES OF NEW YORK, INC., Respondent-Appellant. (Appeal No. 1.)—Order unanimously modified, on the law, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Niagara Development Corporation of Buffalo (Niagara), successor in interest to plaintiff Exchange National Bank of Chicago, is entitled to partial summary judgment dismissing the third and fourth affirmative defenses of defendant Ferridge Properties of New York, Inc. (Ferridge). Niagara is seeking to foreclose on property located at

1200 Niagara Street in the City of Buffalo pursuant to a trust deed assigned to it by Exchange National Bank of Chicago (Exchange). The deed served as collateral for a $300,000 loan which Exchange made to Ferridge's affiliate, American Properties Corporation (APC). APC defaulted on the loan and Exchange brought the instant proceeding. Ferridge moved for summary judgment dismissing the action, asserting that there was a failure of consideration because the mortgage was to secure a loan of $300,000 which Ferridge did not receive. Niagara, Exchange's successor in interest, cross-moved for partial summary judgment dismissing Ferridge's third and fourth affirmative defenses of lack of consideration and usury on the ground of collateral estoppel.

Ferridge filed a petition for reorganization under chapter 11 of the Bankruptcy Act, which automatically stayed the foreclosure proceeding (Bankruptcy Act [11 USC] § 362). A trial was held in Bankruptcy Court to determine the validity of Niagara's secured claim and Ferridge's objection thereto together with an adversary proceeding to lift the automatic stay (Bankruptcy Act [11 USC] § 362; *see, e.g., In re Cedar Bayou,* 456 F Supp 278, 284). Ferridge objected to Niagara's secured claim on the basis of lack of consideration for the mortgage and a usurious rate of interest on the underlying note. The court found that there had been consideration for the mortgage, that the interest rate was not usurious, dismissed those affirmative defenses and lifted the automatic stay. Inasmuch as the issues raised as affirmative defenses in this proceeding are identical to those in the bankruptcy proceeding and Ferridge was afforded a full opportunity to litigate those defenses, the requirements for collateral estoppel have been met *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Consequently, the determination of those issues in Bankruptcy Court precludes Ferridge from asserting them in this proceeding *(Katchen v Landy,* 382 US 323, 334-335; *Heller & Co. v Cox,* 343 F Supp 519, *affd sub nom. Heller & Co. v Ocean Air Tradeways,* 486 F2d 1398, *cert denied* 414 US 827; *Firedoor Corp. v Merlin Indus.,* 86 AD2d 577). The fact that the Bankruptcy Court decision is being appealed does not require a contrary result *(Matter of Amica Mut. Ins. Co. [Jones],* 85 AD2d 727, 728; 9 Carmody-Wait 2d, NY Prac, Judgments, § 63:215; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.10).

County Court properly denied Ferridge's second motion for summary judgment on the ground that the underlying note was materially altered. Ferridge argues that Niagara should be bound by a determination of the Illinois Circuit Court that Ex-

change materially altered the note from APC. That decision was rendered in a foreclosure action in which Exchange sought to foreclose against the Illinois residence of Arnold Kramer, sole shareholder, officer and director of Ferridge and APC which was also pledged as collateral for the $300,000 loan to APC. Inasmuch as the Illinois action was instituted after Exchange assigned the trust deed to Niagara, Niagara may not be charged with notice of Kramer's defense to the note. Niagara may assert the validity of the note because there is no privity between it and Exchange *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485-487). Moreover, there are issues of fact as to whether the alteration was "fraudulent and material" so as to discharge Ferridge from its obligation (UCC 3-407 [2] [a]). (Appeals from order of Erie County Court, La Mendola, J.—dismiss defenses.) Present—Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.