change materially altered the note from APC. That decision was rendered in a foreclosure action in which Exchange sought to foreclose against the Illinois residence of Arnold Kramer, sole shareholder, officer and director of Ferridge and APC which was also pledged as collateral for the $300,000 loan to APC. Inasmuch as the Illinois action was instituted after Exchange assigned the trust deed to Niagara, Niagara may not be charged with notice of Kramer's defense to the note. Niagara may assert the validity of the note because there is no privity between it and Exchange *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485-487). Moreover, there are issues of fact as to whether the alteration was "fraudulent and material" so as to discharge Ferridge from its obligation (UCC 3-407 [2] [a]). (Appeals from order of Erie County Court, La Mendola, J.—dismiss defenses.) Present—Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

◼ EXCHANGE NATIONAL BANK, Appellant, v FERRIDGE PROPERTIES OF NEW YORK, INC., Respondent. (Appeal No. 2.)—Appeal unanimously dismissed as moot, without costs. (Appeal from order of Erie County Court, La Mendola, J.—renew.) Present—Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

◼ EXCHANGE NATIONAL BANK OF CHICAGO, Respondent, v FERRIDGE PROPERTIES OF NEW YORK, INC., et al., Appellants, et al., Defendants. (Appeal No. 3.)—Order unanimously affirmed, without costs. Same memorandum as in *Exchange Natl. Bank v Ferridge Props.* (appeal No. 1) (112 AD2d 33). (Appeal from order of Erie County Court, Wolfgang, J.—summary judgment.) Present—Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

◼ In the Matter of JANE EXTROM et al., as the Board of Managers of Legg Hall Condominium, Appellants, v TOWN OF SKANEATELES et al., Respondents. (Appeal No. 1.)—Order unanimously reversed, on the law, with costs, respondents' motion denied and petitioners' cross motion granted. Memorandum: The failures to provide and to attach to the petition written authorizations designating the board of managers of the condominium to act as agent for the unit owners as required by Real Property Law § 339-y(4) and Real Property Tax Law § 706(2) are not jurisdictional defects, but irregularities that were waived by the failure of the town to give prompt notice of those objections *(see, Matter of Ames Dept. Stores v Assessor of Town of Concord,* 102 AD2d 9, 13; *Bergman v Horne,* 100 AD2d 526; *Matter of Skuse v Town of S. Bristol,* 99 AD2d 670).

The town further contends that the part of the petition referring to the provisions of Real Property Law § 339-y (1) (b) and Real Property Tax Law § 581 (1) (a) should be dismissed since they were