■ In the Matter of EDWARD JOY COMPANY, Appellant, v JOHN F. HUDACS, as Commissioner of Labor of the State of New York, et al., Respondents. [606 NYS2d 74] —Crew III, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 2, 1993 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, seeking, *inter alia,* a declaration that petitioner was not liable to respondent Department of Labor for allegedly underpaid wages.

In February 1987, petitioner contracted with the State for construction of a correctional facility. Petitioner thereafter contracted with Aarmco Insulation Inc. to act as a subcontractor for the project. In June 1988, respondent Department of Labor (hereinafter respondent) commenced an investigation of Aarmco to determine whether Aarmco paid prevailing wages as required by Labor Law § 220 *et seq.* As the result of the investigation, respondent notified the Comptroller to withhold $65,556.36 from petitioner on the ground that Aarmco underpaid prevailing wages on the project. Aarmco subsequently filed for bankruptcy protection and, as part of those proceedings, Bankruptcy Court granted an objection by Aarmco and disallowed respondent's claim of $65,556.36 for the underpaid wages, due to respondent's failure to appear on the return date of the motion objecting to respondent's claim. Respondent then moved in March 1992 for reconsideration of Bankruptcy Court's order disallowing respondent's claim and for an order declaring that respondent was not barred from holding a hearing to determine whether Aarmco underpaid prevailing wages because it was not subject to the automatic stay imposed in bankruptcy proceedings due to the governmental

regulatory exception afforded by 11 USC § 362 (b) (4).* Bankruptcy Court denied the motion for reconsideration, but granted respondent's application for a declaration that respondent was not barred from pursuing its investigation against parties other than Aarmco because such conduct is not subject to the automatic stay.

In July 1992, respondent issued petitioner and Aarmco a notice of hearing to determine whether Aarmco had underpaid wages. Respondent sought to hold petitioner vicariously liable for Aarmco's alleged underpayments pursuant to Labor Law § 223. Petitioner then commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, *inter alia,* a declaration that the administrative proceedings that respondent now seeks to undertake are barred by res judicata by virtue of the bankruptcy proceedings and staying any further proceedings by respondent. Supreme Court dismissed the CPLR article 78 proceeding and denied the request for declaratory relief on the ground "that the issue of Aarmco's possible prevailing wage violations and the amounts of underpayments were not truly litigated in the Bankruptcy Court". Petitioner has appealed and we reverse.

Supreme Court rested its decision on the principle that collateral estoppel does not apply to a situation where, as here, the party's prevailing wage violations were not truly litigated in the prior proceeding. Petitioner, however, is not claiming that the issue of Aarmco's liability to respondent was actually litigated in the Bankruptcy Court proceeding. Rather, petitioner claims that respondent's failure to litigate the issue before Bankruptcy Court precludes it, under principles of res judicata, not collateral estoppel, from now litigating the issue of petitioner's vicarious liability for Aarmco's alleged underpayments.

Res judicata bars future litigation between the same parties, or those in privity with the parties, of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding *(see, Matter of Hodes v Axelrod,* 70 NY2d 364, 372-373; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193; *Culver v County of Rensselaer,* 139 AD2d 853, 854-855, *lv denied* 72 NY2d 807), and this principle applies with regard to

---

* 11 USC § 362 (b) (4) provides that the filing of a petition for bankruptcy protection does not operate to stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such unit's police or regulatory power.

decisions of Bankruptcy Court *(see, McNeary v Senecal,* 197 AD2d 835, 836).

Here, the claim that respondent is now asserting arises out of the same transaction or series of transactions, Aarmco's alleged underpayment of wages in connection with the project, as the claim which was disallowed in the bankruptcy proceeding. Furthermore, Bankruptcy Court's disposition of respondent's claim was a disposition on the merits and not merely a dismissal on procedural grounds *(see, United States v American Sur. Co.,* 56 F2d 734, 736; *see generally,* Siegel, NY Prac § 446 [2d ed]). It is clear that "[a] person not a party to a prior action, but only derivatively or vicariously liable for the conduct of another, may invoke the *res judicata* effect of a prior judgment on the merits in that action in favor of the one primarily liable" *(New Paltz Cent. School Dist. v Reliance Ins. Co.,* 97 AD2d 566, 567; *see, Burdick Assocs. Owners Corp. v Indemnity Ins. Co.,* 166 AD2d 402; *Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658). Accordingly, respondent is barred from pursuing its present claim against petitioner because that very claim was dismissed on the merits in favor of Aarmco in Bankruptcy Court. We have considered respondent's remaining contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., White and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, it is declared that respondent Department of Labor is barred by res judicata from pursuing claims for allegedly underpaid wages in connection with the work of Aarmco Insulation Inc. on the prison project involving Chemung Correctional Facility, and the notice of hearing issued by respondent Department of Labor dated July 28, 1992 is vacated.