■ DANIEL TUBRIDY et al., Respondents, v CITY OF NEW YORK et al., Defendants, and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Appellants. [635 NYS2d 51] —In an action to recover damages, *inter alia,* for civil rights violations under 42 USC § 1983, the defendants Triborough Bridge and Tunnel Authority, Ronald Hellen, and John Passarella appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated June 29, 1994, which denied their motion to dismiss the complaint and all cross claims insofar as they are asserted against them and to impose costs and sanctions on the plaintiffs and their attorneys.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the appellants' motion which was to dismiss the plaintiffs' second cause of action insofar as it is asserted against them, and substituting therefor a provision granting that branch of the appellants' motion; as so modified, the order is affirmed, without costs or disbursements.

Since the court's prior order dismissing the plaintiff Daniel Tubridy's cause of action alleging violations of his civil rights under 42 USC § 1983 was not a determination on the merits, he was not precluded from reasserting the cause of action under 42 USC § 1983 in his second complaint *(see, De Ronda v Greater Amsterdam School Dist.,* 91 AD2d 1088; Siegel, NY Prac § 446, at 676 [2d ed]). Therefore, the court properly declined to dismiss that cause of action on the ground of res judicata.

The court erred, however, in failing to dismiss Patricia Tubridy's derivative cause of action because that cause of action was precluded by the prior dismissal *(see, 175 E. 74th Corp. v Hartford Acc. & Indem. Co.,* 51 NY2d 585, 590, n 1).

Contrary to the appellants' contention, there is no reason to impose sanctions or costs on the plaintiffs or their attorneys. Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.