■ RONALD ZANGHI et al., Respondents, v GREYHOUND LINES, INC., Appellant. [651 NYS2d 833] —Order unanimously affirmed without costs. Memorandum: We reject the contention of defendant that plaintiffs' present action based upon General Municipal Law § 205-e is barred by res judicata. In plaintiffs' previ-

ous action, Supreme Court denied defendant's pretrial motion for summary judgment dismissing the complaint and the action was tried in 1993, resulting in a verdict in favor of plaintiffs. On April 15, 1994, we reversed and granted defendant's pretrial motion for summary judgment on the ground that the action was barred by the "fireman's rule", and the Court of Appeals affirmed on March 30, 1995 (*Zanghi v Niagara Frontier Transp. Commn.,* 203 AD2d 960, *affd* 85 NY2d 423). The fact that plaintiffs had the opportunity to assert a section 205-e cause of action while their previous action was pending does not bar the relief now sought under that section. The issue of defendant's liability thereunder was not litigated in the previous action and, therefore, the applicability of section 205-e was not an issue of fact or question of law "necessarily decided therein" (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485).

. The further contention of defendant that General Municipal Law § 205-e (2) did not revive plaintiffs' section 205-e cause of action is without merit. General Municipal Law § 205-e (2) provides for the revival of three categories of actions, provided they were commenced on or before June 30, 1995: "every cause of action for the personal injury or wrongful death of a police officer which was pending on or after January [1, 1987], or which was dismissed on or after [that date] because [section 205-e] was not yet effective, or which would have been actionable on or after [that date] had [section 205-e] been effective". Here, plaintiffs' previous action was commenced in 1985 and was not finally dismissed until March 30, 1995, when the Court of Appeals affirmed our order granting defendant's motion for summary judgment (*see, Zanghi v Niagara Frontier Transp. Commn., supra*). Plaintiffs' previous action, arising out of the personal injuries suffered by plaintiff Ronald Zanghi, a police officer, was pending on or after January 1, 1987, and would have been actionable on that date had section 205-e been effective. Further, plaintiffs commenced the present action on October 11, 1994, well before the statutory deadline of June 30, 1995. Thus, plaintiffs' section 205-e cause of action was revived under the first and third categories delineated in General Municipal Law § 205-e (2). Defendant's contention that those three categories, although disjunctively joined by "or", do not constitute separate alternatives is without merit. "[T]he placement of a comma before the disjunctive 'or' [in a statute] indicates an intent to discriminate between the various parts of the sentence" (*Matter of Van Patten v La Porta,* 148 AD2d 858, 860). Further, the numerous legislative amendments to section 205-e clearly manifest the Legislature's intent that section

205-e be liberally construed and apply to the broadest possible class of claimants protected by that section (*see,* L 1990, ch 762; L 1992, ch 474; L 1996, ch 703; *see also, Ruotolo v State of New York,* 83 NY2d 248, 257-258; *Santangelo v State of New York,* 193 AD2d 25). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Davis and Boehm, JJ.