■ In the Matter of SATURN CONSTRUCTION Co., INC., Respondent, v LANDIS & GYR POWERS, INC., Appellant. [656 NYS2d 367] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered February 15, 1996, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In April 1991, the petitioner entered into a contract with the State of Connecticut for the construction of an office complex in Newington, Connecticut. The contract between the petitioner and the State of Connecticut contained an arbitration clause. In July 1991, the petitioner entered into a subcontract with the appellant, pursuant to which the appellant undertook to complete the so-called "controls" work for the project. The subcontract did not contain an arbitration clause, but provided that "[t]he subcontractor [appellant] agrees to be bound to the Contractor [petitioner] by the terms of the * * * Principal Contract * * * and to assume to the [petitioner] all the obligations and responsibilities that the [petitioner] by [the Principal Contract] assumes to the State of Connecticut Department of Public Works * * * except to the extent that provisions contained therein are by the terms or by law applicable only to

the [petitioner]". The arbitration clause in the Principal Contract provided, among other things, that the contractor and the State were to agree on the arbitration entity should an arbitrable issue arise.

As a result of a dispute concerning the subcontract, the appellant served a demand for arbitration on the petitioner, contending that the arbitration clause in the principal contract was incorporated by reference into the subcontract by virtue of the above-quoted language in the subcontract. The Supreme Court properly stayed arbitration.

The appellant's claim that substantive Federal law should have been applied is not preserved for appellate review, since it never previously raised that issue (*see, Parkin v Cornell Univ.*, 78 NY2d 523, 530, n 2; *Loughry v Lincoln First Bank*, 67 NY2d 369; *Up-Front Indus. v U.S. Indus.*, 63 NY2d 1004, 1006; *Bichler v Eli Lilly & Co.*, 55 NY2d 571).

In any event, application of Federal law as it has developed under the Federal Arbitration Act (9 USC § 2 *et seq.*) would not warrant a different result. Even under the Federal Arbitration Act, where expanded arbitration coverage is favored if there is a question regarding scope, arbitration will not be imposed upon a party unless that party has agreed to such procedure (*see, Case Intl. Co. v James & Co.*, 907 F2d 65; *Janmort Leasing v Econo-Car Intl.*, 475 F Supp 1282). In the absence of an express and specific agreement to arbitrate, the petitioner did not waive its right to ordinary judicial process (*see, Case Intl. Co. v James & Co.*, *supra*, at 67; *see also, Matter of Prudential Lines v Exxon Corp.*, 704 F2d 59). Bracken, J. P., Pizzuto, Florio and McGinity, JJ., concur.