■ STEVEN HOEY, Appellant, v JOHN J. KUCHLER et al., Respondents. [671 NYS2d 487] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 27, 1996, which granted the defendants' mo-

tion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability pursuant to General Municipal Law § 205-e, and (2) a judgment of the same court, entered April 25, 1996, upon the order, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order entered February 27, 1996, is vacated, the defendants' motion is denied, and the plaintiff's cross motion is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On April 29, 1992, the plaintiff, Steven Hoey, commenced an action in the Supreme Court, Westchester County, under Index Number 7391/92. His complaint asserted a single cause of action sounding in common-law negligence. The gravamen of the complaint was that the plaintiff, a Sergeant with the Westchester County Police Department, was injured through the negligence of the defendants when he was struck by an automobile owned by the defendant William Kuchler and operated by the defendant John J. Kuchler as the latter was attempting to flee from police officers who were trying to apprehend him in a drug buy-and-bust operation. The defendants moved to dismiss the complaint on the ground that the common-law negligence claim was barred by the so-called "fireman's rule" (see, Santangelo v State of New York, 71 NY2d 393). The Supreme Court, Westchester County (Wood, J.), denied the motion by order dated January 15, 1993, and, upon reargument, adhered to the original determination in an order entered May 14, 1993. The defendants appealed to this Court from the order made on reargument.

During the pendency of the appeal, the plaintiff moved for leave to amend the complaint to add a cause of action to recover damages under General Municipal Law § 205-e. The Supreme Court, Westchester County (Wood, J.), granted that motion by order entered June 7, 1994, and an amended complaint was served shortly thereafter. The defendants appealed from the order entered June 7, 1994, but their appeal was subsequently dismissed by order of this Court dated April 19,

1995, for failure to perfect. The defendants failed to answer the amended complaint.

On October 24, 1994, this Court decided the defendants' appeal from the order entered May 14, 1993, made on reargument, adhering to a determination denying their motion to dismiss the initial complaint. Our decision and order addressed only the single cause of action contained in the initial complaint sounding in common-law negligence, and dismissed that cause of action as barred by the fireman's rule (*see, Hoey v Kuchler,* 208 AD2d 805). This Court noted that "insofar as the plaintiff now seeks to assert a claim based on General Municipal Law § 205-e, this cause of action was neither pleaded in the complaint nor amplified in the bill of particulars, and therefore is not reviewable on appeal" (*Hoey v Kuchler, supra,* at 806).

In December 1994 the plaintiff commenced the instant, second action under Westchester County Index Number 21807/94, asserting only a cause of action under General Municipal Law § 205-e.

In March 1995 the plaintiff moved for leave to enter a default judgment in the initial action based on the defendants' failure to answer the General Municipal Law § 205-e cause of action asserted in the amended complaint in that action. By order entered July 28, 1995, the Supreme Court, Westchester County (Shapiro, J.), denied the motion and dismissed the remaining cause of action, *sua sponte,* without stating a reason therefor.

In November 1995 the defendants moved in the instant second action for summary judgment dismissing the complaint on the ground of res judicata and the plaintiff cross-moved for summary judgment on the issue of the defendants' liability under General Municipal Law § 205-e. By order entered February 27, 1996, the Supreme Court, Westchester County (Lefkowitz, J.), granted the motion, denied the cross motion, and dismissed the complaint in the second action. A judgment was thereafter entered on the order. The plaintiff has appealed. We reverse.

"The doctrine of res judicata, or claim preclusion, provides that 'as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action" (*Matter of Field Home-Holy Comforter v DeBuono,* 238 AD2d 589, 590, quoting *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *see also, Matter of New York Site Dev. Corp. v New York State Dept. of Envtl. Conservation,* 217 AD2d 699, 700).

Although the plaintiff's common-law negligence cause of action against the defendants asserted in the original complaint in the first action was dismissed as barred by the fireman's rule (*see, Hoey v Kuchler, supra*), the doctrine of res judicata does not bar the instant action pursuant to General Municipal Law § 205-e since the issue of the defendants' liability under General Municipal Law § 205-e was not litigated in the first action and since the dismissal of the General Municipal Law § 205-e cause of action contained in the amended complaint in the first action was not on the merits (*see, Zanghi v Greyhound Lines,* 234 AD2d 930; *see also, Outrigger Constr. Co. v Bank Leumi Trust Co.,* 240 AD2d 382; *Tubridy v City of New York,* 222 AD2d 430).

Further, the plaintiff's cross motion for summary judgment on the issue of liability under General Municipal Law § 205-e should be granted, since in support of his cross motion he made the required showing that his injuries were practically and reasonably connected to the violation by the defendant John J. Kuchler of Penal Law § 120.20 (*see, Ledoux v Manitta,* 238 AD2d 315). Miller, J. P., Sullivan, Joy and Altman, JJ., concur.