■ PETER B. WEISS, Respondent, v MICHAEL HAGOPIAN, Appellant. [674 NYS2d 123] —In an action against the guarantor to recover on a promissory note, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), dated May 13, 1997, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

In or about October 1989, the debtor 17 Express Mart Corp. (hereinafter Express Mart) borrowed $95,000 from the plaintiff Peter B. Weiss, as trustee of the Weiss Estate (hereinafter Weiss). A promissory note for $55,000 of that debt was executed, payable on demand. The defendant, Michael Hagopian, guaranteed payment of the promissory note. Thereafter, in January 1994, Express Mart filed a petition in bankruptcy, asserting as one of its debts $95,000 owed to the Weiss trust.

In May 1994, Weiss submitted a proof of claim for $120,000 against Express Mart in the bankruptcy proceeding, and in August 1994, Weiss commenced the instant action against Hagopian as guarantor. Issue was joined in the instant action on or about March 13, 1995. The plaintiff acknowledged at a deposition that the $95,000 debt included the $55,000 promissory note.

In January 1995, the bankruptcy trustee moved to expunge the claim in bankruptcy pursuant to 11 USC § 502 on the ground that no documentation was submitted which would indicate that there was a valid claim against the bankrupt's estate. Weiss defaulted in opposing the motion, and by order dated March 13, 1995, the claim was expunged.

Thereafter, Hagopian moved, *inter alia*, for summary judgment, asserting that expungement in bankruptcy of the debt against the principal debtor in bankruptcy barred the instant action against him. The Supreme Court denied summary judgment on the ground that the issue of the validity of the debt was not actually litigated in the bankruptcy proceeding because Weiss defaulted (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457; *S.D.I. Corp. v Fireman's Fund Ins. Cos.*, 208 AD2d 706).

The rules of res judicata and collateral estoppel apply to decisions of the bankruptcy courts (*see, Katchen v Landy*, 382 US 323, 334; *Firedoor Corp. v Merlin Indus.*, 86 AD2d 577). Although "a judgment entered against a principal upon default is only prima facie evidence against the surety" and the surety "remains at liberty to contest its own liability by establishing affirmatively that the principal was not liable" (*Firedoor Corp. v Merlin Indus., supra*, at 577; *see, S.D.I. Corp. v Fireman's Fund Ins. Cos., supra*, at 708), the instant case involves a decision in bankruptcy in favor of the principal debtor, entered upon the failure of Weiss to submit documentation of his claim. Weiss elected to proceed against the principal debtor Express Mart in the bankruptcy proceeding, but then permitted the claim to be expunged. Weiss's instant action against Hagopian was pending when the debt was expunged in the bankruptcy

proceeding. Thus, Weiss should have been able to reasonably anticipate the consequences in the instant action of that which occurred in the bankruptcy proceeding (*see, Sterling Doubleday Enters. v Marro*, 238 AD2d 502, 503; *Curiale v Ardra Ins. Co.*, 202 AD2d 252, 253).

Hagopian seeks to use the decision in the bankruptcy proceeding defensively in accordance with the general rule that a prior judgment on the merits in favor of the principal absolves the surety of liability and we agree that it is appropriate in this instance (*see, Matter of Joy Co. v Hudacs*, 199 AD2d 858, 860; *cf., Matter of Halyalkar v Board of Regents*, 72 NY2d 261, 269; *Kaufman v Eli Lilly & Co., supra*). Inasmuch as Weiss chose to avail himself of the opportunity to litigate the claim in the bankruptcy proceeding, and had a full and fair opportunity to do so, the determination against him in the bankruptcy proceeding bars granting him relief in the instant action (*see, Sutton v Ezra*, 224 AD2d 517; *Matter of Joy Co. v Hudacs, supra*).

Weiss's remaining contention is without merit. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.