■ NATIONAL RETAIL SERVICES, INC., Appellant, v BLOCKBUSTER VIDEOS, INC., et al., Respondents. [691 NYS2d 170] —In an action to recover damages for breach of contract, the plaintiff appeals from so much of a judgment of the Supreme Court,

Nassau County (O'Connell, J.), entered April 22, 1998, as, upon an order of the same court dated March 25, 1998, granting the defendants' motion for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff National Retail Services, Inc. (hereinafter NRS) commenced the instant action against the defendants, Blockbuster Videos, Inc., and Blockbuster Entertainment (hereinafter collectively Blockbuster), to recover money allegedly owed pursuant to a contract under which NRS provided services to certain Blockbuster and Discovery Zone, Inc. (hereinafter Discovery Zone) stores. Both defendant corporations were wholly owned by Viacom, Inc. (hereinafter Viacom), which also held a 49% interest in Discovery Zone.

Thereafter, Discovery Zone filed for Chapter 11 bankruptcy and NRS filed a proof of claim in the proceeding seeking to recover money owed for the work performed at the Discovery Zone locations. By order dated July 18, 1997, confirming the "third amended joint plan of reorganization", the United States Bankruptcy Court for the District of Delaware, *inter alia*, permanently enjoined creditors from pursuing any action or proceeding based on their claim or interest, against, among others, Viacom. The reorganization plan that was confirmed by the Bankruptcy Court defined Viacom as including its affiliates. The Supreme Court in the instant action granted Blockbuster's motion for summary judgment dismissing the complaint on the ground that the action against Blockbuster, as a subsidiary of Viacom, was barred by the order of the Bankruptcy Court.

NRS contends that the Bankruptcy Court did not have the jurisdiction to enter a permanent injunction in favor of a non-debtor third party such as Blockbuster, that the order of the Bankruptcy Court did not have res judicata effect since NRS did not have a full and fair opportunity to challenge the Bankruptcy Court's jurisdiction to enjoin actions against Blockbuster, and that its claim was not discharged since the reorganization plan failed to provide it with adequate notice with respect to the claims against Blockbuster. The plaintiff's contentions are unpreserved for appellate review, as they were not raised before Supreme Court (*see, Matter of Saturn Constr. Co. v Landis & Gyr Powers,* 238 AD2d 428; *Coney Is. Exhaust v Adriana Realty Corp.,* 236 AD2d 506). In any event, the plaintiff's contentions are without merit. Inasmuch as NRS filed a proof of claim in the Discovery Zone bankruptcy proceed-

ing, chose to avail itself of the opportunity to litigate the claim in the bankruptcy proceeding, and had a full and fair opportunity to do so, the determination in the bankruptcy proceeding bars granting it relief in the instant action (*see, Weiss v Hagopian,* 251 AD2d 400). Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.