■ BERNARD WINKLER et al., Appellants, v EDWARD WEISS et al., Respondents. [742 NYS2d 124] —In an action, inter alia, to set aside a conveyance of real property as fraudulent, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated November 15, 2000, as denied their motion for summary judgment, granted that branch of the cross motion of the defendant M.L.W. Realty Corp. which was for summary judgment dismissing the complaint, and directed that the complaint be dismissed in its entirety.

Ordered that the order is affirmed insofar as appealed from, with costs.

In May 1991 the plaintiffs obtained judgments against defendants Edward Weiss and Leonard Weiss. In September 1991, Leonard Weiss filed for bankruptcy and the plaintiffs filed proofs of claim in the bankruptcy proceeding. In November 1991, the plaintiffs commenced the instant action to set aside a transfer of real property from Edward Weiss to the defendant M.L.W. Realty Corp. (hereinafter M.L.W. Realty), a corporation owned by Edward's two sons, the defendants Leonard Weiss and Mitchell Weiss. While this action was pending, the trustee of Leonard Weiss's bankruptcy estate commenced an adversary proceeding culminating in a judgment of the United States Bankruptcy Court for the Eastern District of New York, determining that Leonard's bankruptcy estate and Leonard's brother, Mitchell, were each 50% owners of the subject real property and authorizing the bankruptcy trustee to sell the property and distribute the proceeds to Leonard's bankruptcy estate and Mitchell Weiss. The bankruptcy court subsequently dismissed an adversary proceeding brought by Edward Weiss seeking a stay of the sale of the property and the imposition of a constructive trust. The plaintiffs filed a limited objection to the sale of the property. After a hearing was held on February 8, 2000, the bankruptcy court ordered that the property be sold at public auction "free and clear of any claims by the plaintiffs." Pursuant to the bankruptcy court's orders, the property was sold at public auction on April 24, 2000.

Thereafter, the plaintiffs moved for summary judgment and Mitchell Weiss and M.L.W. Realty cross-moved, inter alia, for summary judgment, asserting that the determinations in the bankruptcy proceeding barred the instant action. The Supreme Court denied the motion, granted the cross motion and directed that the complaint be dismissed in its entirety. We affirm.

Res judicata serves to bar future litigation between the same parties or those in privity with the parties of a cause of action arising out of the same transaction or series of transactions as a cause of action that was raised in a prior proceeding (see *Matter of Hodes v Axelrod,* 70 NY2d 364, 372-373; *Matter of Edward Joy Co. v Hudacs,* 199 AD2d 858, 859). The rules of res judicata apply to the decisions of a bankruptcy court (see *Katchen v Landy,* 382 US 323, 334; *Weiss v Hagopian,* 251 AD2d 400, 401). Since the plaintiffs chose to litigate their claim in the bankruptcy proceeding, and had a full and fair opportunity to do so, the determination of the bankruptcy court bars granting relief in the instant action pursuant to the doctrine of res judicata (see *National Retail Servs. v Blockbuster Videos,* 262 AD2d 378, 379-380; *Weiss v Hagopian, supra*).

In light of our determination, we do not reach the plaintiffs' remaining contentions. Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.