■ DOROTHY SCLAFANI et al., Plaintiffs, v STORY BOOK HOMES, INC., Defendant and Third-Party Plaintiff-Respondent. TOWN OF SMITHTOWN, Third-Party Defendant-Appellant. [743 NYS2d 283] —In an action, inter alia, to recover damages for injury to property, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 13, 2001, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the third-party action is not barred by the doctrines of res judicata or collateral estoppel. Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party (*see Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481, 485; *see also Winkler v Weiss,* 294 AD2d 428). Where a dismissal does not involve a determination on the merits, the doctrine of res

judicata does not apply (*see Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614; *Hoey v Kuchler,* 249 AD2d 365). The Supreme Court properly concluded that the prior dismissal of a CPLR article 78 proceeding commenced by the plaintiff Dorothy Sclafani against the appellant was not a determination on the merits of the dispute between the parties.

The doctrine of collateral estoppel precludes a party from relitigating an issue identical to one previously raised and necessarily decided in another action, provided the party had a full and fair opportunity to litigate the issue (*see Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349). The issues raised by the third-party complaint were not necessarily decided in the CPLR article 78 proceeding.

Contrary to the appellant's contention, the Supreme Court properly denied its motion for summary judgment dismissing the third-party complaint based on its affirmative defenses other than res judicata and collateral estoppel. The appellant did not make a prima facie showing of its entitlement to judgment as a matter of law based on those defenses.

The appellant's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.