■ JOSEPH FEDER et al., Plaintiffs, and NEVIN DJOGANOPOULOS et al., Appellants, v JONATHAN D. POLKES et al., Respondents.
[889 NYS2d 70]—

In an action to compel the defendants and the Building Inspector of the Village of Westhampton Dunes to process and grant the plaintiffs' application for a building permit for the construction of a walkway over dunes on certain property, the

plaintiffs Nevin Djoganopoulos and Chris Djoganopoulos appeal from a judgment of the Supreme Court, Suffolk County (Pitts, J.), dated June 18, 2008, which, upon an order of the same court dated July 9, 2007, granting that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, is in favor of the defendants and against all of the plaintiffs, dismissing the complaint.

Ordered that the appeal from so much of the judgment as is in favor of the defendants and against the plaintiffs Joseph Feder and Sandra Feder is dismissed, as the appellants Nevin Djoganopoulos and Chris Djoganopoulos are not aggrieved by that portion of the judgment (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents, payable by the appellants.

The plaintiffs Joseph Feder and Sandra Feder (hereinafter the Feders) and the appellants Nevin Djoganopoulos and Chris Djoganopoulos commenced this action against the defendants Jonathan D. Polkes, Ellen G. Polkes, and Megan Strecker alleging that the plaintiffs and appellants were granted a pedestrian right-of-way over land owned by Strecker and adjacent to land owned by the Polkes' stretching from Dune Road to the Atlantic Ocean in the Village of Westhampton Dunes. The complaint alleges that, on or about October 15, 2004 the Feders began constructing a walkway over certain dunes on the easement. The complaint further alleges that Strecker's father, a trustee of the Village, obstructed their contractor's work, removed the pilings for the walkway, and, in his capacity as trustee, caused Village ordinances to be enacted and amended requiring the Building Inspector to be presented with the consent of the landowner or a court order in order for a building permit to issue for the construction of a walkway over the dunes. The complaint alleges that the Building Inspector failed and refused to issue a permit for the construction of the walkway across Strecker's property. The complaint further alleges that the Village ordinance does not extinguish the plaintiffs' easement rights since it was specifically enacted to obstruct the plaintiffs' access to the easement. The complaint seeks to compel the defendants and the Building Inspector to process and grant the plaintiffs' application for a building permit for the construction of the walkway over the dunes on the easement. The Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure

to state a cause of action. We affirm the order insofar as reviewed.

Even liberally construed and affording the appellants every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the complaint fails to state a cause of action against the defendants (*see* CPLR 3211 [a] [7]). Other than identifying the defendants as the owners of the servient estate and abutting lot, the complaint does not contain any factual averments against the defendants. Rather, the conduct complained of involves only the Village, Strecker's father in his capacity as a Village trustee, and the Village Building Inspector, who are not parties to this action. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.