■ In the Matter of WONDER WORKS CONSTRUCTION CORP., Appellant, v R.C. DOLNER, INC., Respondent, et al., Respondents. [901 NYS2d 30]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 12, 2008, denying a permanent stay of arbitration of a claim against petitioner subcontractor by respondent general contractor R.C. Dolner, Inc., dismissing the proceeding and directing subcontractor and general contractor to proceed to arbitration, unanimously reversed, on the law, with costs, the petition granted and the arbitration permanently stayed.

After respondent owner 217 Mulberry Street Company, LLC filed a notice of claim on general contractor seeking to arbitrate a claim for damages resulting from alleged deficiencies in the construction performed pursuant to the terms of the prime contract between owner and general contractor, general contractor demanded that subcontractor join in the arbitration. The subcontract contains no arbitration provision but states that "[w]ith respect to the Work, [subcontractor] agrees to be bound by every term and provision of the Contract documents," a term that includes the prime contract between general contractor and owner to which subcontractor is not a party. The contract between general contractor and subcontractor also requires subcontractor "to assume toward [general contractor] all of the duties that [general contractor] has assumed towards [owner] with respect to [subcontractor's] Work." It further recites that general contractor is vested with "each and every right and remedy" against subcontractor as owner has against general contractor under the prime contract.

The prime contract broadly provides for arbitration of any disputes arising out of or related to the contract. In addition, another provision of the prime contract states in pertinent part as follows: "No arbitration shall include, by consolidation or joinder or in any manner, parties other than the Owner [Mulberry] and the Contractor [Dolner]. The owner may, at its sole option, consent to the joinder of a subcontractor . . . as a person substantially involved in a common question of fact or law whose presence is required in order to afford complete relief." The "Owner Required Clauses" of the prime contract provide in pertinent part as follows: "Owner Contractor Arbitration: Subcontractor shall be bound by any arbitration award between Owner [Mulberry] and Contractor [Dolner]. Contractor, at its sole election, may permit Subcontractor and/or its representative to participate in such arbitration . . . Such arbitration will be final whether Subcontractor participates therein or is notified thereof."

"An alternative dispute resolution agreement, like an arbitration agreement, must be clear, explicit and unequivocal and must not depend upon implication or subtlety" (*Thomas Crimmins ·Contr. Co. v City of New York*, 74 NY2d 166, 171 [1989] [internal quotation marks and ellipsis omitted]). If an agreement to arbitrate is incorporated by reference the reference "must clearly show such an intent" (*General Ry. Signal Corp. v Comstock & Co.*, 254 AD2d 759, 759 [1998] [internal quotation marks omitted], *lv dismissed in part and denied in part* 93 NY2d 881 [1999]; *see also Matter of Waldron [Goddess]*, 61 NY2d 181, 185 [1984] ["the threshold for clarity of agreement to arbitrate is greater than with respect to other contractual terms" (internal quotation marks omitted)]).

We note that "[u]nder New York law, incorporation clauses in a construction subcontract, incorporating prime contract clauses by reference into a subcontract, bind a subcontractor only as to prime contract provisions relating to the scope, quality, character and manner of the work to be performed by the subcontractor" (*Bussanich v 310 E. 55th St. Tenants*, 282 AD2d 243, 244 [2001]). Thus, in *Matter of Saturn Constr. Co. v Landis & Gyr Powers* (238 AD2d 428 [1997]), the subcontract did not contain an arbitration provision but the subcontractor agreed both to be bound to the contractor by the terms of the latter's contract with the owner and "to assume to the [contractor] all the obligations and responsibilities that the [contractor] by [the prime contract] assumes to the [owner]" (*id.* at 428). Although the prime contract required the contractor and owner to arbitrate any disputes, Supreme Court granted the subcontractor's petition to stay the arbitration demanded by the contractor. Affirming, a panel of the Second Department reasoned that "[i]n the absence of an *express and specific* agreement to arbitrate, the petitioner did not waive its right to ordinary judicial process" (*id.* at 429 [emphasis added]).

The prime contract here expressly states that "[n]o arbitration shall include, by consolidation or joinder or in any manner, parties other than the Owner and the Contractor." Although the next sentence purports to give the Owner the exclusive right to "consent to the joinder of a subcontractor," another provision of the contract provides that the general contractor has the exclusive right to "permit subcontractor to participate" in the arbitration, creating an apparent inconsistency. The language granting general contractor every right and remedy as against subcontractor that it has against owner does not constitute an express and specific agreement to arbitrate. To be sure, a provision in the prime contract states that "[s]ubcontractor

shall be bound by any arbitration award between Owner and Contractor." But this provision does not by its terms reflect an express and specific agreement by subcontractor to arbitrate disputes with general contractor. Although general contractor's arguments are not without support in the contract documents, the agreement to arbitrate for which it contends nonetheless "depend[s] upon implication or subtlety" (*Crimmins Contr. Co.*, 74 NY2d at 171). Our determination that the subcontract does not contain an arbitration agreement between subcontractor and contractor is fortified in our view by the proposition necessarily entailed by contractor's reading of the subcontract: subcontractor agreed to be bound by an arbitration proceeding at which it had no right to be represented and about which it had no right to be notified.

As there is no agreement to arbitrate between subcontractor and contractor, subcontractor's failure to move in a timely fashion to stay arbitration in accordance with CPLR 7503 (c) is of no moment (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264 [1982]). Concur—McGuire, J.P., Acosta, DeGrasse, Richter and Abdus-Salaam, JJ.