Yehezkel Yehoshua, Appellant,
against
against
Lefkowicz & Gottfried, Respondent. 


Yehezkel Yehoshua, appellant pro se. Lefkowicz & Gottfried, LLP, for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered April 6, 2016. The judgment, upon a determination by the court, when the case came on for trial, that the action was barred by res judicata, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff, a former client of defendant law firm, commenced this small claims action to recover $5,000 for breach of contract. In June 2009, plaintiff and his wife signed a retainer agreement with defendant pursuant to which defendant was to represent them in two related Kings County Supreme Court actions regarding the renovation of a parcel of real property. In approximately November 2010, plaintiff and his wife informed the law firm that they no longer required its services. In November 2011, plaintiff's wife commenced a small claims action against defendant. That action was dismissed in September 2012, after a nonjury trial. In September 2013, plaintiff commenced this small claims action for breach of contract. Defendant's motion to dismiss the action based on res judicata was denied by the Civil Court (Carol Ruth Feinman, J.) by order entered November 5, 2014. On the date scheduled for trial, the court (Robin Kelly Sheares, J.), after questioning plaintiff, determined that plaintiff was seeking relief for the same cause of action that had formed the basis for his wife's small claims action. A judgment dismissing the action, from which plaintiff appeals, was entered on April 6, 2016. 
It is well settled that "[r]es judicata bars future litigation between the same parties, or those in privity with the parties, of a cause of action arising out of the same transaction or series of transactions as a cause of action that was either raised or could have been raised in a prior proceeding" (Matter of Edward Joy Co. v Hudacs, 199 AD2d 858, 859 [1993]; see Buechel v Bain, 97 NY2d 295 [2001]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]; Watts v Swiss Bank Corp., 27 NY2d 270, 277 [1970]; Lazides v P & G Enters., 58 AD3d 607, 609 [2009]). In order to establish privity between a party to a prior action and a nonparty thereto, the connection between them "must be such that the interests of the nonparty can be said to have [*2]been represented in the prior proceeding" (Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]).
Plaintiff's attempt to recover damages in this action is barred by the doctrine of res judicata since the retainer agreement promised the same performance of legal services by defendant to both plaintiff and his wife. CCA 1808 provides that a small claims judgment "shall not be deemed an adjudication of any fact at issue or found therein in any other action or court; except that a subsequent judgment obtained in another action or court involving the same facts, issues and parties shall be reduced by the amount of a judgment awarded under this article." This provision was not intended to divest the small claims judgment of its claim preclusion effect (i.e., res judicata), but only of its issue preclusion use (i.e., collateral estoppel) (see Omara v Polise, 163 Misc 2d 989 [App Term, 2d Dept, 2d & 11th Jud Dists 1995]). In the absence of a showing that plaintiff and his wife have separate and distinct interests in the law firm's performance of legal services, they will be deemed to have joint interests in the performance of the contract (see Buechel v Bain, 97 NY2d 295; Restatement [Second] of Contracts § 297 [2]). Consequently, this action was properly dismissed (see CPLR 3211 [a] [5]). 
Accordingly, as substantial justice was done between the parties according to the rules and procedures of substantive law (CCA 1804, 1807), the judgment is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER: