Matter of Castedo v Permanent Mission of Thailand to the United Nations (2019 NY Slip Op 08957)





Matter of Castedo v Permanent Mission of Thailand to the United Nations


2019 NY Slip Op 08957


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10577N 652177/19

[*1] In re Manuel Castedo, et al., Petitioners-Appellants,
v
The Permanent Mission of Thailand to the United Nations, Respondent-Respondent, Richter Contracting Corp., Respondent.


Milber Makris Plousadis & Seiden, LLP, White Plains (Jeffrey J. Fox of counsel), for appellants.
Mazzola Lindstrom LLP, New York (Richard E. Lerner of counsel), for respondents.



Judgment (denominated an decision and order), Supreme Court, New York County (Debra A. James, J.), entered on or about June 17, 2019, which denied petitioner's CPLR 7503 motion to permanently stay arbitration, and dismissed the proceeding, unanimously reversed, on the law, without costs, and the petition granted.
Contrary to the respondents' argument, under the circumstances here, the petitioner architect did not receive direct tangible benefits from a separate construction agreement containing an arbitration clause (see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 631 [2013]). Any benefit that petitioner derived was from its own contract, which expressly opted-out of arbitration. The contract between petitioner and respondents specified that petitioner was to bill respondents monthly, and the fee payments were not contingent on any specific phase of the project having been first completed. Petitioner was entitled to be paid for the architectural work it performed, regardless whether the project reached the construction phase. Moreover, the contract between petitioner and respondents specifically excluded arbitration as a remedy.
We further conclude that petitioner is not bound by the arbitration agreement contained in the construction contract's General Conditions under the theory of incorporation by reference, because the language in the architect's contract does not clearly reflect an intention to incorporate the General Conditions (see Matter of Wonder Works Constr. Corp. v R.C. Dolner, Inc., 73 AD3d 511, 513 [1st Dept 2010]).
We have considered the remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK