1155 Nobo Assoc., LLC v New York Hosp. Med. Ctr. of Queens (2020 NY Slip Op 02074)





1155 Nobo Assoc., LLC v New York Hosp. Med. Ctr. of Queens


2020 NY Slip Op 02074


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-03841
 (Index No. 606196/16)

[*1]1155 Nobo Associates, LLC, respondent,
v
New York Hospital Medical Center of Queens, etc., appellant.


Rosenberg & Estis, P.C., New York, NY (Alexander Lycoyannis of counsel), for appellant.
Capell Barnett Matalon & Shoenfeld LLP, New York, NY (Peter S. Sanders of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered March 1, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The parties entered into a lease for a term of approximately 10 years in connection with certain real property. Following the expiration of the lease, the plaintiff commenced a proceeding in the District Court, Nassau County, seeking, inter alia, a judgment awarding it possession of the property, and the issuance of a warrant removing the defendant from the property. The District Court awarded the plaintiff a default judgment of possession, and a warrant of eviction was executed on July 1, 2016. The court, however, declined to address the claim for rent arrears, but rather directed the plaintiff to commence a plenary action.
Thereafter, the plaintiff commenced the instant action to recover amounts owed for rent prior to and following the expiration of the lease, for additional payments owed pursuant to a lease clause that provided for monetary penalties in the event of a holdover tenancy, for added rent based on, among other things, additional operating expenses enumerated in the lease that would follow a breach of the lease, and for attorney's fees. The defendant moved pursuant to CPLR 3211(a)(1), (5) and/or (7) to dismiss the complaint, arguing, inter alia, that the action is barred by the doctrine of res judicata, as the plaintiff had the opportunity to litigate its claims for monetary damages before the District Court but failed to do so. The Supreme Court denied the motion.
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Djoganopoulos v Polkes, 67 AD3d 726, 727; see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485; Winkler v Weiss, 294 AD2d 428). "Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (Djoganopoulos v Polkes, 67 AD3d at 727; see Maitland v Trojan Elec. & Mach. Co., [*2]65 NY2d 614; Sclafani v Story Book Homes, 294 AD2d 559, 559-560). Here, there was no determination on the merits of the plaintiff's claims for rent arrears or additional holdover damages in the District Court proceeding and, therefore, the doctrine of res judicata does not apply.
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court