ACCEPTED
15-25-00131-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 11:50 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-000131-CV**

Fifteenth Court Of Appeals
Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/30/2025 11:50:31 AM
CHRISTOPHER A. PRINE
Clerk

**Laura McClelland,**

*Appellant*

**v.**

**Michael Morath, Commissioner of Education, and**

**Weatherford Independent School District**

*Appellees*

---

**BRIEF OF APPELLANT LAURA McCLELLAND**

ON APPEAL FROM THE 98TH DISTRICT COURT,
TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-25-000504

---

BRIM & BRIM, P.C.
Richard Arnett, Of Counsel
State Bar No. 01333300
5926 Balcones Drive, Suite 220
Austin, Texas 78731
Telephone: (512) 328-0048
Facsimile: (512) 328-4814
Email: rarnett@arnettlaw.net

*Attorney for Laura McClelland*

# Identity of Parties and Counsel

| Appellant: | Appellant's Counsel: |
|---|---|
| Laura McClelland | BRIM & BRIM, P.C.<br>Richard Arnett, Of Counsel<br>State Bar No. 01333300<br>5926 Balcones Drive, Suite 220<br>Austin, Texas 78731<br>Telephone: (512) 328-0048<br>Facsimile: (512) 328-4814<br>Email:  rarnett@arnettlaw.net |
| Appellees | Appellees' Counsel: |
| Weatherford Independent<br>School District | Colby Rideout<br>Leasor Crass, P.C.<br>302 W. Broad Street<br>Mansfield, Texas<br>Telephone: (682) 422-0009<br>Facsimile: (682) 422-0008<br>Email: colby@leasorcrass.com |
| Michael Morath<br>Texas Commissioner of Education | Keegan Howe, Assistant Attorney General<br>Office of the Attorney General<br>P.O. Box 12548, Capitol Station<br>Austin, Texas<br>Telephone: (512) 475-4300<br>Facsimile: (512) 320-0157<br>Email: keegan.howe@oag.texas.gov |

# TABLE OF CONTENTS

Identities of Parties and Counsel ..........................................................................ii

Table of Contents...................................................................................................iii

Index of Authorities...............................................................................................iv

Statement of the Case ............................................................................................ 1

Statement Regarding Oral Argument ..................................................................... 1

Issues Presented..................................................................................................... 1

Statement of Facts ................................................................................................. 2

Standard of Review ............................................................................................... 3

Summary of the Argument ..................................................................................... 3

Argument and Authorities ..................................................................................... 4

     I.       Whether Weatherford Independent School District's policies requiring Temporary Disability Leave to run concurrently with assault leave violate Section 22.003(b) of the Texas Education Code ...................... 4

     II.     Whether Appellant's claim regarding Respondent's policies requiring FMLA to run concurrently with assault leave is moot and whether such policies violate Section 22.003(b)of the Texas Education Code........ 14

Conclusion ........................................................................................................... 18

Prayer for Relief .................................................................................................. 19

Certificate of Service............................................................................................ 20

Certificate of Compliance..................................................................................... 20

Index of Appendices............................................................................................. 21

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page**

1701 Commerce Acquisition, LLC v. Macquarie US Trading,
    LLC, No. 02-21-00333-CV, 2022 WL 3904976
    (Tex. App.—Fort Worth Aug. 31, 2022, no pet.)10

Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008) …………………….…… 6

Anderton v. City of Cedar Hill, 583 S.W.3d 188, 193
    (Tex. App. -Dallas 2018, no pet.) …………….………..………. 16

Arbuckle v. Wichita Cty. Tex. Adult Probation, 643 S.W.3d 229, 233
    (Tex. App.—Fort Worth 2022, no pet.) ……………..……………. 13

Bankdirect Capital Fin., LLC v. Plasma Fab, LLC,
    519 S.W.3d 76, 86 (Tex. 2017) ……………………..………….... 14

Burkle v. Car & Truck Leasing Co., Inc., 467 A.2d 1255 (1983) ………..…... 5

Click v. Tyra, 867 S.W.2d 406 (Ct. App. Tex. 14th Dist. 1993, no writ). …..... 15

DLB Architects, P.C. v. Weaver, 305 S.W.3d 407
    (Tex. App.—Dallas 2010, pet. denied) …………………………... 13

ExxonMobil Pipeline Co. v. Coleman,
    512 S.W.3d 895, 899 (Tex. 2017) ..……………………………… 13

Ferreira v. Butler, 575 S.W.3d 331, 337 (Tex. 2019) …………..……….. 14

Heritage on Sa Gabriel Homeowners Ass'n v. Tex. Comm'n on
    Envtl. Quality, 393 S.W.3d 417, 427
    (Tex.App.–Austin 2012, pet. denied)……………………….............. 11

Jacksonville Terminal Co. v. Railway Express Agency, Inc.,
    296 F.2d 256 (5th Cir. 1961), cert. denied, 369 U.S. 860 (1962 …………..… 5

Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989)……..……… 3

Laudano v. Gen. Motors Corp., 388 A. 2d 842 (Super. Ct. 1977) …….….….. 5

Lopez v. Tex. Workers' Comp. Ins. Fund, 11 S.W.3d 490, 494
    (Tex. App.--Austin 2000, pet. denied)……….……………………….……… 3

Miles v. State, 468 S.W.3d 719, 734
    (Tex. App.—Houston [14th Dist.] 2015)……………………….……… 11

Republic W. Ins. Co. v. State, 985 S.W.2d 698, 701
    (Tex. App.--Austin 1999, pet. dism'd w.o.j.) ……..…………….…………… 3

Silguero v. CSL Plasma, Inc., 579 S.W.3d 53, 59 (Tex. 2019) ……………….. 12

Terrazas v. Ramirez, 829 S.W.2d 712, 731 (Tex. 1991) ……………………… 14

United States Steel Corporation v. Emerson-Comstock Co.,
    141 F. Supp 143 (N.D. Ill.) ……………………………….…………… 5

Zanghi v. Greyhound Lines, Inc.,
    234 A.D. 2d 930 (N.Y. App. Div. 1996) ….………………………… 10

## Constitutional Provisions, Statutes & Regulations

Texas Constitution, Article II, Section 1 …………………………………... 14

29 U.S.C. 2601……………………………………………….………...1

Texas Education Code, Section 22.003 …………………………….passim

Texas Education Code, Section 22.004 ……… ……………….…………8

Texas Education Code, Section 21.409 ……………….…....……….. passim

Texas Education Code, Section 29.055 ………………………...….……8

Texas Education Code, Section 31.004………………………..……….8

Texas Education Code, Section 32.301 …………………..……………………...8

Texas Education Code, Section 33.005 ………………………..…………..9

Texas Education Code, Section 33.302 …………………….……………8

Texas Civil Practices and Remedies Code, Section 37.004……..………………15

House Bill 784, 68th Leg., Reg. Session (1983) ………………..…………11

29 C.F.F. 825.207 ……………………………………………………17

34 C.F.R. 300 ……………………………………………………9

19 T.A.C. Sections 61, 74, 78, 89 …………………………..……………………8

## Other Material

Webster's Third New International Dictionary (1993) ………..……………..… 7

## STATEMENT OF THE CASE

This is an appeal from a final judgment signed July 17, 2025, affirming the decision of the Commissioner of Education in Appellant's administrative appeal of a Level Three grievance decision of Weatherford Independent School District (WISD, granting judgment to Defendants/Appellees, and denying further relief. Clerk's Record, p. 202 (hereinafter "CR 202"), App. 1.

Ms. McClelland filed suit against the Commissioner of Education and her employer, WISD, alleging that the decision of the Commissioner (Reporter's Record V.3, p. 661 (hereinafter "RR:3: 661), App. 2) was erroneous because Section 22.003(b) of the Texas Education Code prohibited WISD from exhausting her Temporary Disability Leave (TDL) provided by Section 21.409 of the Texas Education Code and her Family and Medical Leave Act (FMLA) leave provided by 29 U.S.C. Section 2601 by running them concurrently with her assault leave.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that the language of the law is clear and unmistakable, and there is no necessity for oral argument.

## ISSUES PRESENTED

I. Whether WISD's policies requiring TDL to run concurrently with assault leave violate Section 22.003(b) of the Texas Education Code.

II. Whether Appellant's claim regarding Respondent's policies requiring her FMLA entitlement to run concurrently with assault leave is moot, and whether such policies violate Section 22.003(b) of the Texas Education Code.

## STATEMENT OF FACTS

WISD employed Appellant as a teacher during the 2022–2023 school year. Appellant was assaulted by a student on November 7, 2022. Beginning in March 2023, Appellant took intermittent assault leave through the Spring semester. On or about July 26, 2023, Appellant notified WISD that she needed continuous assault leave at the beginning of the 2023–2024 school year following her surgery. Appellant took continuous assault leave since the beginning of that school year until November 7, 2024, two years from the date of her injury. (RR:3: 662).[1]

---

[1] The Commissioner's Decision stated that Appellant "remains on assault leave." However, the two years allowed by the Statute had expired one week before his Decision.

WISD informed Appellant that it would utilize her (FMLA) leave and her TDL concurrently with her assault leave, as provided by local policy. Appellant filed a grievance contesting the action, which was denied at Level III by the Board of Trustees of LISD. (RR:3: 662). On September 18, 2023, Appellant was informed that her FMLA would be exhausted on October 27, 2023. RR:3: 97. On January 18, 2024, she was informed that her TDL would end on January 29, 2024, but that she would continue on assault leave. RR:3: 256.

## STANDARD OF REVIEW

This case presents a pure question of law regarding the meaning of Section 22.003(b) of the Texas Education Code. Statutory construction is a question of law. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex. 1989). Courts review a ruling on a pure question of law *de novo. See Republic W. Ins. Co. v. State,* 985 S.W.2d 698, 701 (Tex. App.--Austin 1999, pet. dism'd. w.o.j.) *relied upon, Lopez v. Tex. Workers' Comp. Ins. Fund*, 11 S.W.3d 490, 494 (Tex. App.--Austin 2000, pet. denied).

## SUMMARY OF ARGUMENT

The District Court's decision affirming that of the Commissioner of Education is erroneous because it blatantly violates Section 22.003(b) of the Texas Education Code. "All other" simply cannot

mean "only this," but that is what the Commissioner held. The expressed intent of the Legislature was to provide up to two years of paid leave for school employees who are assaulted at work and make this "in addition to all other days of leave." This unmistakably includes Temporary Disability Leave and Family and Medical Leave Act leave, and these entitlements cannot be involuntarily exhausted by school districts running them concurrently with assault leave.

Appellant's claim relating to her FMLA leave is not moot because the District's policy remains in effect and a term of her employment. Additionally, there is still a case or controversy over the merits of this issue because it is intertwined with the issue relating to Temporary Disability Leave and a decision rests on the same footing. Section 22.003(b) also forbids Districts from involuntarily exhausting the FMLA entitlement of teachers who are assaulted at work.

## ARGUMENT AND AUTHORITIES

I. **WISD's policies requiring Temporary Disability Leave to run concurrently with assault leave violate Section 22.003(b) of the Texas Education Code.**

Section 22.003(b) (formerly Section 13.904) of the Texas Education Code was enacted in 1983 and provides in pertinent part:

*In addition to all other days of leave provided by this section or by the school district*, an employee of a school district who is physically assaulted during the performance of the employee's regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault. … The period provided by this subsection may not extend more than two years beyond the date of the assault. [Emphasis added].

The question is whether the Legislature intended to allow school districts to burn up the temporary disability and Family and Medical Leave Act entitlements of an assaulted employee on a day by day basis while he or she is out on assault leave. [2]

It would seem patent that "all other days of leave" does *not* and can *never* mean "only the leave required or authorized by this section," but that is the construction effectively given by the Commissioner. There is no authority to support this interpretation, and thus he cites none.

There cannot be any broader classification than the word "all." *United States Steel Corporation v. Emerson-Comstock Co.*, 141 F. Supp. 143, 146 (N.D. Ill.). In "its ordinary and natural meaning, the word 'all' leaves no room for exceptions." *Jacksonville Terminal Co. v. Railway Express Agency, Inc.*, [296 F.2d 256, 261 (5th Cir. 1961), cert. denied, 369 U.S. 860 (1962)].

---

[2] The Commissioner misunderstood this case as one where TDL and FMLA are "subtracted from his or her assault leave," RR:3:668, but it the opposite that is the effect of running the leaves concurrently.

*Laudano v. Gen. Motors Corp.*, 34 Conn. Supp. 684, 688, 388 A.2d 842, 845 (Super. Ct. 1977); *Burkle v. Car & Truck Leasing Co., Inc.*, 1 Conn. App. 54, 56–57, 467 A.2d 1255, 1257 (1983).

In *Jacksonville Terminal*, the Fifth Circuit properly considered the creation of implied exceptions to the term "all" to "do violence to the plain and clear meaning of the language," and held "that [a] promise to indemnify JTC for 'all losses, etc.' clearly and unequivocally manifests an intention to absolve JTC from liability for all losses, including those caused by its own negligence." The Court stated that this was the "obvious meaning of the language chosen by the parties," which was "all." *Id.* at 262.

The Commissioner expressly based his decision on the observation that Section "22.003 does not expressly address either FMLA or state disability leave." RR:3: 669. However, no rational explanation is provided for why these are not within the term "all other days of leave provided … by the District." The Decision just reads the words "all" and "other" out of the law by ignoring them[3] and effectively requires the Legislature to have added words such as "regardless of the source of such leave" in order to accomplish its already

---

[3] Tellingly, the Commissioner actually omitted the word "all" from his quotation of the statute to the District Court. CR 155.

clearly expressed intent to encompass "*all* other days of leave." This argument has been expressly rejected by no less than the highest Court of this nation.

> Petitioner would require Congress to clarify its intent to cover all law enforcement officers by adding phrases such as "performing any official law enforcement function," or "without limitation." But Congress could not have chosen a more all-encompassing phrase than "any other law enforcement officer" to express that intent. We have no reason to demand that Congress write less economically and more repetitiously.

*Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218–21 (2008).

The Commissioner explains as follows:

> Federal and state laws establish employees' FMLA and disability leave entitlements, not school districts, which must comply with those laws but do not "provide" that leave, in the sense that Section 22.003(a) permits districts to provide employees with additional personal leave.

RR:3:669. Thus, the rationale is that school districts don't "provide" benefits and services they are required by law to "provide," but only "provide" benefits and services that they are not so required to "provide." [4]

Websters defines "provide" as "to supply or make available." School districts have made TDL available to qualified employees since 1973 pursuant to Section 21.409 (formerly Section 13.905) of the Education Code, and surely the Legislature knew that when it was amending Section 13.904 to

---

[4] The Commission fails to note that Section 21.409 (f), which he quotes, also "permits districts to provide employees with additional" temporary disability leave. He thus inconsistently applies his own rationale.

add assault leave in 1983. The Legislature did not exclude leave that was "provided" by a District because the leave was required by law, and there would have been no plausible reason for it to have done so, particularly when it expressly included the personal leave *required* by Section 22.003(a). TDL unmistakably was "provided … by the school district" within the plain meaning of the phrase.

The Legislature certainly has not subscribed to the Commissioner's view when it has used the word "provide" elsewhere in the Education Code. For example, Section 22.003(e) refers to discretionary authority for a "policy *providing* for [active duty leave]." Section 22.004 (m) refers to "group health benefit coverage *provided* by or offered through a district," and districts are *required* to provide coverage. Section 31.004 (a) requires annual certification that "the district *provides* each student with instructional materials …," although again the districts are required by law to do so. Section 32.301 (a) establishes a grant program for "districts … to implement a technology lending program to *provide* students access to equipment…." Section 33.002(c) states that certain "school districts … shall *provide* guidance and counseling services …." Section 29.055 (e) requires districts to "*provide* [bilingual] students … a meaningful opportunity to participate … in all extracurricular activities." These are just a handful of statutory examples

where the word "provide" is used to include rights and services regardless whether they are required by law.

Even more strikingly, the truncated meaning of "provide" given in order to deny Appellant her rights is contradicted by the usage of the term by the *Commissioner himself*. Innumerable Commissioner rules require Districts to "provide" various services. For example, 19 T.A.C. 74.1(b) states that "[a] school district *must provide* instruction in the essential knowledge and skills." The same usage is found in 19 T.A.C 74.2, 74.3, 74.4 (b), 74.2101(g) as to curriculum. *See also*, 78.2001 ("*provide*" information to students), 89.3 ("*provide* an array of learning opportunities for gifted/talented students"); 89.1005 (b) ("Each school district must *provide* special education and related services to eligible students with disabilities in order to meet the unique needs of those students in accordance with 34 Code of Federal Regulations, §§300.114-300.118, and state law"); 89.1205 (b) ("A school district is required to *provide* a bilingual program …"); 61.1(b)(5)(G) ("*provider*" of school board member training required by law). (Emphasis added).

The Rules also use the term or its derivatives for services that are not expressly required. 19 T.A. C. 78.1001 (report of various offerings "provided" but not required); 78.1003 (a)(1) "provision of a guidance curriculum … as described in Texas Education Code 33.005(b)". It is

therefore unmistakable that the common usage, including that of Appellee Commissioner, of the term "provide" is not dependent on whether the provision is compulsory.

Under his Decision in this case districts are caught in a Catch 22. They could *never* comply with these legal requirements, since they could not "*provide*" any services or benefits they are required to *provide*. This is complete nonsense and clearly violates the plain meaning of the word.

The Commissioner also improperly ignored the disjunctive term "or" by restricting the scope of "all other days of leave provided … by the District" to days of leave "provided by this section."

> The prohibition on "any prepayment or refinancing" is in a separate phrase from the prohibition related to ... [Section] 4.2.21[,] and these phrases are separated by an "or," indicating that either one of them separately constitutes an event of default. The use of the modifier "any" further confirms that all prepayments required Macquarie's prior written consent. [citing *Ali*] ("'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind'"); *Zanghi v. Greyhound Lines, Inc.*, 234 A.D.2d 930, 651 N.Y.S.2d 833, 834–35 (N.Y. App. Div. 1996) (separate categories "disjunctively joined by 'or'" were "separate alternatives").

*1701 Commerce Acquisition, LLC v. Macquarie US Trading, LLC*, No. 02-21-00333-CV, 2022 WL 3904976, at \*9 (Tex. App.—Fort Worth Aug. 31, 2022, no pet.). To Appellant's knowledge, no authority exists that "A or B" can *ever* be read to require both.

> The Legislature's use of the disjunctive term 'or' typically signifies a separation between two distinct ideas. *Heritage,* 393 S.W.3d at 427 ("The use of the disjunctive usually indicates alternatives and requires those alternatives to be treated separately....").

*Miles v. State*, 468 S.W.3d 719, 734 (Tex. App.—Houston [14th Dist.] 2015), aff'd,506 S.W.3d 485 (Tex. Crim. App. 2016). The paid leave optionally provided by a school district under Section 22.003 was already part of the leave "provided by this section." Thus, the language "or by the school district" necessarily includes other types of leave, expressly "all other" types of leave.

Nor is there anything in the legislative history that would support such an inference. House Bill 784 was introduced in the 68th Regular Session on February15, 1983. RR:3: 626, *et seq.* Originally, the Bill only expanded the reasons leave could be taken under Section 13.904 to include illness in the immediate family. RR:3: 629 (Bill Analysis). After being reported out of Committee, the assault leave provision was added by an amendment during its second reading in the House on May 13. RR:3: 631, 650. After passing the House, the two-year limitation was added in the Senate, which then passed the Bill unanimously. RR:3: 631, 645, 652. There is nothing in the legislative history that supports an implied limitation of the term "all other days of leave provided by … the school district."

Had the Legislature intended to protect only the paid leave required and authorized by then Section 13.904, as found in the Decision, it could expressly have done so in a number of ways. There is no conceivable reason it would instead have used the expansive term "all other," and the Commissioner offered none. To the contrary, the Legislature used the broadest phrase possible and, to ensure that the word "other" was not read to exclude paid leave provided under the same section, added a specific statement including such leave. Districts "provided" other types of leave, and the Legislature made no attempt to distinguish between them based on their legal origin.

Additionally, there is no discernable reason why the Legislature would preserve paid leave to be used separately from assault leave but not unpaid leave, and the Decision offers no rationale for this presumed intent.[5] This would discriminate against employees who are unable to build large leave balances, which would often be those responsible for the care of their own children.

---

[5] Nor is there any apparent reason (or textual basis) for why temporary disability leave would remain available for other injuries or illnesses, but not injuries causing the assault leave, which appears to be the position of the District and possibly the Commissioner. RR:3:668, n.2.

Although the Commissioner's misinterpretation of the Section 22.003(b) has been sponsored by the Texas Association of School Boards for many years, RR:3:663, that entity is not authorized to enact or amend statutes any more than the Commissioner, or even the Texas Supreme Court. As stated in *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019),

> This Court may not impose its own judicial meaning on a statute by adding words not contained in the statute's language. *See Lippincott*, 462 S.W.3d at 508. If the statute's plain language is unambiguous, we interpret its plain meaning, presuming that the Legislature intended for *each of the statute's words to have a purpose* and that the Legislature purposefully omitted words it did not include. *See id.* At 509 [Emphasis added].

The Commissioner concedes this in his Brief below. CR145-46.

> [I]n looking at the statute, courts "presume that each word contained therein has a purpose and that when the legislature has omitted a word from the statute, it did so purposefully." *Arbuckle v. Wichita Cty. Tex. Adult Probation*, 643 S.W.3d 229, 233 (Tex. App.—Fort Worth 2022, no pet.); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017). [Rules repeated] *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 409 (Tex. App.—Dallas 2010, pet. denied).

However, the construction set forth in the Commissioner's Decision ignores controlling words in Section 22.003(b), thereby rendering them without purpose, and effectively adds other words, clearly defeating the Legislature's intent as expressed by its language. This is impermissible in a government of laws.

13

The Commissioner's Decision and the District Court's affirmance of his administrative amendment of Section 22.003(b) also violate Article II, Section 1 of the Texas Constitution.

> Separation of powers demands that judge-interpreters be sticklers. Sticklers about not rewriting statutes under the guise of interpreting them. Sticklers about not supplanting our wisdom for that of the Legislature. Sticklers about a constitutional design that confers the power to adjudicate but not to legislate.

*Bankdirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 86 (Tex. 2017).

> Courts must take statutes as they find them. … But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation … such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*Ferreira v. Butler*, 575 S.W.3d 331, 337 (Tex. 2019).

> The founding fathers of this nation … knew that it was only by balancing the powers of one branch of government against the powers of the other two that any degree of freedom for the people could be preserved.

*Terrazas v. Ramirez*, 829 S.W.2d 712, 731 (Tex. 1991) (Cornyn, J., concurring).

This Court will decide whether these words are empty in today's Texas.

**II. Appellant's claim regarding Respondent's policies requiring FMLA to run concurrently with assault leave is not moot and such policies violate Section 22.003(b) of the Texas Education Code.**

There remains a live controversy in this regard notwithstanding Appellant's current ineligibility for FMLA benefits.[6] First, the controversy continues due to the illegal policies of the District, which are a part of Appellant's contract. Section 37.004 of the Texas Civil Practices and Remedies Code provides in part:

> (a) A person interested under a … written contract … may have determined any question of construction or validity arising under the… contract … and obtain a declaration of rights, status, or other legal relations thereunder.
>
> (b) A contract may be construed either before or after there has been a breach.

Appellant presents a "question of … validity arising under [her] contract," and thus presents a live controversy. By authorizing actions "before … a breach," the statute expressly contemplates that such cases present a case or controversy before the policies are applied to her again, because if a case or controversy exists as to a private contract prior to breach, there is no basis for concluding otherwise here.

Second, the Decision fails to apply the rule set forth in *Click v. Tyra*, 867 S.W.2d 406 (Ct. App. Tex. 14th Dist. 1993, no writ), which does not require that Appellant establish that it is *likely* that the policies will be

---

[6] An employee is eligible for FMLA only if they worked 1250 hours in the last calendar year. Because school employees work less than a full year, once they miss about six weeks of work, they lose eligibility until they return to work and re-establish eligibility.

applied again to her, personally. *Click* held that an official policy that would be applied to others was sufficient for the case to be maintained. Appellees have cited no authority finding moot a controversy involving a law or governmental policy that has been applied to a person once and continued in force and effect with the assurance of doing so again should the opportunity arise. Here, there is no "mere theoretical possibility of future adverse governmental action," *Anderton v. City of Cedar Hill*, 583 S.W.3d 188, 193 (tex. App. -Dallas 2018, no pet.). WISD's policy is a *promise* of such action.[7]

It is undisputed that the Texas Association of School Board's form policy ensures that the issue will "recur" every time a teacher goes on assault leave in the State of Texas and has so "recurred" for the last thirty years. Although this is a case of first impression, this only shows how difficult it is for teachers' rights to be protected under the system of jurisprudence to which they are subjected in Texas. In this case, an obvious violation of those rights has gone on for thirty years without challenge. Were school employees not so procedurally disadvantaged, this would have been a class action and Appellant's temporary loss of eligibility for FMLA of no import. For this Court

---

[7] Most of the supposedly unlikely eventualities discussed by the Commissioner have now transpired. Appellant's return to work last November means that she has regained FMLA eligibility or will shortly. All that is left is for her to be assaulted again and she will have her rights denied again.

to turn its back and allow the violation of school employees' rights to continue until another victim has the resources to take his or her case this far through the procedures imposed by the State, perhaps another 30 years, would constitute an abdication of its responsibility to uphold the law.

Even more fundamentally, mootness is a subset of the case or controversy requirement. Clearly there remains a case or controversy in this case; it is strongly contested. And Appellant's claim under the FMLA rests on the same merits as that relating to Temporary Disability Leave. The only effect of the Courts dodging the issue would be to perpetuate illegal conduct by the Texas government at the expense of its educators.

Because the claim should not have been dismissed as moot, the policies requiring the use and exhaustion of FMLA leave during assault leave are invalid for the reasons set forth with respect to Temporary Disability Leave, since it is also "leave provided … by the district."

This case concerns the state law issue of the construction of Section 22.003(b), and whether, as a matter of state law, FMLA leave is "other …leave provided … by the District." This controls whether districts can exhaust employees' FMLA leave while they are on assault leave. As the Commissioner notes, federal law allows "substitution" of other leave at the option of either the employee or the employer. If either party elect substitution,

the leaves run concurrently. 29 C.F.R. 825.207. However, necessarily, if *neither* party elect substitution the leaves do *not* run concurrently. Section 22.003(b) constitutes a decision by the State of Texas *not* to elect substitution in the case of assault leave. However, it should be noted that districts remain free to elect FMLA substitution of paid leave under Section 22.003(a), temporary disability leave under Section 21.409, and other forms of leave which do not expressly state that they are "in addition to all other days of leave." It is only assault leave that cannot be substituted due to the unique language of Section 22.003(b).

## CONCLUSION

WISD considers protection of employees TDL and FMLA leave to be "absurd." CR 87. The Commissioner views this as an "illogical … outcome." CR 152. No explanation is given for these assertions, and we doubt if Appellees would feel the same way if *they* were assaulted at work and unable to return for more than two years, and had *their* other leave entitlements reduced as a result of such an assault such that if *they* were on assault leave for six weeks they returned to having one-half of their leave to care for their families gone. Giving additional benefits to teachers who are assaulted, allowing them an additional 180 days of unpaid leave if they haven't recovered in two years, and preserving their other leave entitlements in the meantime can

be termed "absurd" or "illogical" only if one's objective is to downgrade the teaching profession to the obvious detriment of public education. There is no mystery why Texas has a teacher shortage.

It is at best troubling that governmental bodies would urge this Court to ignore the common meaning and actual words of a statute in order to: 1) deny assaulted teachers what would otherwise be up to 180 days of additional *unpaid leave* (TDL) if they have not recovered when the paid assault leave expires after two years; and, 2) deplete their FMLA entitlement as a direct result of being assaulted by a student, such that their twelve weeks per year of leave to care for a sick child after they return to work is reduced one for one by each day they are out on assault leave.

A member of the Executive Branch, such as the Commissioner of Education, must be bound by law and the English language; the two are necessarily connected if the State of Texas is actually governed by the rule of law.

## PRAYER FOR RELIEF

Appellant prays that the decision of the Commissioner be reversed, and the Court invalidate school district policies requiring exhaustion of Temporary Disability Leave and Family and Medical Leave Act leave while employees are on assault leave.

Respectfully submitted,

*s/ Richard Arnett*
Richard L. Arnett
Texas Bar No. 01333300
rarnett@arnettlaw.net
Telephone: (720) 366-7774
Of Counsel to Brim & Brim, P.C.
5926 Balcones Drive, Suite 220
Austin, Texas 78731
Telephone: (512) 328-0048

## CERTIFICATE OF SERVICE

I certify that on September 30, 2025, a true and correct copy of the foregoing document was served upon Mr. Colby Rideout attorney for the Weatherford Independent School District, by email at colby@leasorcrass.com, and Mr. Keegan Howe, Assistant Attorney General, by email at keegan.howe@oag.texas.gov.

/s/ *Richard Arnett*
Richard L. Arnett

## CERTIFICATE OF COMPLIANCE

I certify that the brief submitted complies with Rule 9.4 of the Texas Rules of Appellate Procedure because it has been prepared in a conventional typeface no smaller than 14-point for text, except for footnotes, which are no smaller than 12-point, and the word count of this document is 4079. The word processing software used to prepare this brief and calculate the word count of the document is Microsoft Word.

Dated: September 30, 2025          /s/ *Richard L. Arnett*
                                   Richard L. Arnett

# INDEX OF APPENDICES

Appendix A        Final Judgment and Notice …………………... 1

Appendix B        Decision of the Commissioner ……………..... 12

Appendix C        Statutes and Regulations

                  Texas Education Code Section 22.003(b) …... 24

                  Texas Education Code Section 21.409 …..… 24

                  29 U.S.C. 2612 (d) ………………………….. 25

                  29 C.F.R. 825.207(b) …………………………26

# APPENDIX A

CAUSE NO. D-1-GN-25-000504

| | | |
|---|---|---|
| LAURA McCLELLAND, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| MIKE MORATH, COMMISSIONER OF | § | |
| EDUCATION in his official capacity; and | § | |
| WEATHERFORD INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| *Defendants.* | § | |
| | § | 98TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

This matter came before the Court for a merits hearing on this the 30th day of June, 2025. Plaintiff, Laura McClelland, was present through her counsel of record, Richard L. Arnett. Defendant, Mike Morath, was present through his counsel of record, Assistant Attorney General Keegan Howe, and Defendant Weatherford ISD, was present through its counsel of record Colby Rideout and Mike Leasor. Having considered the parties' pleadings, briefs, the admitted administrative record, and arguments of counsel, the Court finds that the Decision of the Commissioner dated November 14, 2024, is affirmed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1.      Decision of the Commissioner dated November 14, 2024, is AFFIRMED in all respects;



FINAL JUDGMENT
Cause No. D-1-GN-25-000504

1

2.      all court costs and attorney's fees are taxed against the parties incurring the same;

3.      all requested relief not expressly addressed herein is denied; and

4.      this Final Judgment disposes of all claims and all parties and is final and appealable.

Signed ~~this the~~ _____ ~~day of~~ __July 17,__ 2025.

_____
THE HONORABLE JUDGE LAURIE EISERLOH
Judge Presiding

APPROVED AS TO FORM:

*/s/ Keegan Howe*
KEEGAN HOWE
Texas State Bar No. 24143028
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4300
Facsimile: (512) 320-0167
keegan.howe@oag.texas.gov
*ATTORNEY FOR DEFENDANT*
*COMMISSIONER MIKE MORATH*


_____
 Colby Rideout
State Bar No. 24073106
Mike Leasor
State Bar No. 00791087
LEASOR CRASS, P.C.
302 W. Broad Street
Mansfield, Texas 76063

FINAL JUDGMENT                                                          2
Cause No. D-1-GN-25-000504

203

(682) 422-0009 Telephone
(682) 422-0008 Facsimile
mike@leasorcrass.com
colby@leasorcrass.com
*Counsel for Defendant*
*Weatherford Independent School District*

__s/Richard Arnett_____
Richard L. Arnett
Texas State Bar No. 01333300
Of Counsel to Brim & Brim, P.C.
5926 Balcones Drive, Suite 220
Austin, Texas 78731
Tel: (720) 366-7774
Fax: (512) 328-4814
rarnett@arnettlaw.net
*Counsel for Plaintiff*

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 09/05/2025 02:11:54

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

FINAL JUDGMENT
Cause No. D-1-GN-25-000504

3

204



**VELVA L. PRICE**
DISTRICT CLERK, TRAVIS COUNTY
P.O. BOX 679003
AUSTIN, TX  78767

**7/22/2025**

NOTICE OF ORDER
**D-1-GN-25-000504**
[www.traviscountytx.gov/district-clerk/online-case-information](www.traviscountytx.gov/district-clerk/online-case-information)

You are hereby notified that an order has been signed and entered on **07/17/2025** in the **98th District Court** of Travis County, Texas in the above case. **Order** is available at the office of the clerk of the court, located at 1700 Guadalupe Street, 3rd floor, room 3.200, Austin, Texas 78701. **THE ORDER MAY BE SUBJECT TO APPEAL.** If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting [www.texaslawhelp.org/exempt-property](www.texaslawhelp.org/exempt-property).

VELVA L. PRICE, District Clerk

To:

 **Richard L Arnett**
**5926 BALCONES DRIVE SUITE 220**
**AUSTIN TX  78731**



205

AVISO DE ORDEN

Se le notifica que se ha firmado e ingresado un orden en Condado Travis en Texas en la causa numerada y intitulada referencia. Una copia de dicha Orden está disponible en la oficina del secretario del tribunal, ubicado en1700 Guadalupe Street, 3er piso, sala 3.200, Austin, Texas 78701. **LA ORDEN PUEDE SER OBJETO DE APELACIÓN.** Si usted es una persona física (no una empresa), su dinero o propiedad pudieran estar protegidos de ser embargado como pago de este fallo. Obtenga más información visitando [www.texaslawhelp.org/exempt-property](www.texaslawhelp.org/exempt-property).

VELVA L. PRICE, Del Distrito

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 09/05/2025 02:11:54

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

206



**VELVA L. PRICE**
DISTRICT CLERK, TRAVIS COUNTY
P.O. BOX 679003
AUSTIN, TX  78767

**7/22/2025**

NOTICE OF ORDER
**D-1-GN-25-000504**
www.traviscountytx.gov/district-clerk/online-case-information

You are hereby notified that an order has been signed and entered on **07/17/2025** in the **98th District Court** of Travis County, Texas in the above case. **Order** is available at the office of the clerk of the court, located at 1700 Guadalupe Street, 3rd floor, room 3.200, Austin, Texas 78701. **THE ORDER MAY BE SUBJECT TO APPEAL.** If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property.

VELVA L. PRICE, District Clerk

To:
 **KEEGAN HOWE**
**PO BOX 12548 CAPITOL STATION**
**AUSTIN TX  78711-2548**



207

AVISO DE ORDEN

Se le notifica que se ha firmado e ingresado un orden en Condado Travis en Texas en la causa numerada y intitulada referencia. Una copia de dicha Orden está disponible en la oficina del secretario del tribunal, ubicado en1700 Guadalupe Street, 3er piso, sala 3.200, Austin, Texas 78701. **LA ORDEN PUEDE SER OBJETO DE APELACIÓN.** Si usted es una persona física (no una empresa), su dinero o propiedad pudieran estar protegidos de ser embargado como pago de este fallo. Obtenga más información visitando [www.texaslawhelp.org/exempt-property](www.texaslawhelp.org/exempt-property).

VELVA L. PRICE, Del Distrito

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 09/05/2025 02:11:54

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

208



**VELVA L. PRICE**
DISTRICT CLERK, TRAVIS COUNTY
P.O. BOX 679003
AUSTIN, TX 78767

**7/22/2025**

NOTICE OF ORDER
**D-1-GN-25-000504**
www.traviscountytx.gov/district-clerk/online-case-information

You are hereby notified that an order has been signed and entered on **07/17/2025** in the **98th District Court** of Travis County, Texas in the above case. **Order** is available at the office of the clerk of the court, located at 1700 Guadalupe Street, 3rd floor, room 3.200, Austin, Texas 78701. **THE ORDER MAY BE SUBJECT TO APPEAL.** If you are an individual (not a company), your money or property may be protected from being taken to pay this judgment. Find out more by visiting www.texaslawhelp.org/exempt-property.

VELVA L. PRICE, District Clerk

To:
 **COLBY SKYLER GUY RIDEOUT**
**302 W BROAD STREET**
**MANSFIELD TX 76063**



209

AVISO DE ORDEN

Se le notifica que se ha firmado e ingresado un orden en Condado Travis en Texas en la causa numerada y intitulada referencia. Una copia de dicha Orden está disponible en la oficina del secretario del tribunal, ubicado en1700 Guadalupe Street, 3er piso, sala 3.200, Austin, Texas 78701. **LA ORDEN PUEDE SER OBJETO DE APELACIÓN.** Si usted es una persona física (no una empresa), su dinero o propiedad pudieran estar protegidos de ser embargado como pago de este fallo. Obtenga más información visitando [www.texaslawhelp.org/exempt-property](www.texaslawhelp.org/exempt-property).

VELVA L. PRICE, Del Distrito

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 09/05/2025 02:11:54

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

210

# APPENDIX B

| LAURA MCCLELLAND, | § | BEFORE THE |
| Petitioner, | § | |
| | § | |
| v. | § | COMMISSIONER OF EDUCATION |
| | § | |
| WEATHERFORD INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Respondent. | § | THE STATE OF TEXAS |

## DECISION OF THE COMMISSIONER

## STATEMENT OF THE CASE

This is a case of first impression before the Commissioner of Education. Petitioner Laura McClelland appeals to the Commissioner under Texas Education Code § 7.057(a)(2)(A), complaining that Respondent Weatherford Independent School District violated the Texas assault leave statute, Texas Education Code § 22.003, when it denied her grievance over her assault leave. In her grievance, Petitioner challenged the administration's notice to her that it would run her Family and Medical Leave Act (FMLA) leave and her state Temporary Disability Leave concurrently with her assault leave for injuries that she sustained in a November 7, 2022 assault by a student at work. *See* 29 U.S.C. § 2601 *et seq*. (FMLA), Tex. Educ. Code § 21.409. Petitioner argues that under § 22.003, all types of leave should be "stacked" so that none begin to run until after assault leave ends.

Respondent argues that Petitioner's appeal is moot as to her FMLA issue, as Petitioner is currently ineligible for FMLA leave because she lacks the required annual work hours to qualify for that leave. Respondent also argues that Texas Education Code § 22.003 does not prohibit school districts from running employees' FMLA and assault leaves concurrently. Regarding Petitioner's Temporary Disability Leave issue, Respondent argues that Petitioner failed to exhaust her administrative remedies on that issue and, alternatively, that no live controversy exists, as Petitioner is not precluded from seeking disability leave for any future qualifying conditions, should any occur.

TEA 00654

Adrienne Butcher is the Administrative Law Judge assigned to this case. Petitioner is represented by her counsel, Richard Arnett, of Brim & Brim, P.C. Respondent is represented by its counsel, Mike Leasor, of Leasor Crass, P.C.

For the reasons below, the Commissioner dismisses in part and denies in part Petitioner's appeal.

<u>FINDINGS OF FACT</u>

After due consideration of the record and matters officially noticed, it is concluded that the following Findings of Fact are established by the record and file in this case:

1.     Respondent employed Petitioner as a teacher during the 2022–2023 school year.

2.     A student assaulted Petitioner on November 7, 2022. Beginning in March 2023, Petitioner took intermittent assault leave through the Spring semester. On or about July 26, 2023, Petitioner notified Respondent that she needed continuous assault leave at the beginning of the 2023–2024 school year, following surgery. Petitioner has taken continuous assault leave since the beginning of that school year and remains on assault leave.

3.     On July 27, 2023, Respondent's staff emailed Petitioner that because she was taking full-time leave for her injuries, she qualified for and needed to take FLMA leave. Respondent notified Petitioner that under its Policy DEC (Local), her assault leave and FMLA leave would run concurrently. On June 30, 2023, Petitioner filed a grievance complaining that Texas Education Code § 22.003 did not permit concurrent leave. During an agreed abeyance of Petitioner's grievance, Respondent notified Petitioner that under Policy DEC (Local), her Temporary Disability Leave would also run concurrently with her assault leave. Petitioner amended her grievance by agreement on November 10, 2024, to include the disability leave issue.

4.     The board heard and denied Petitioner's grievance appeal on January 22, 2024. Petitioner timely appealed to the Commissioner under Texas Education Code § 7.057(a)(2)(A).

5.     After a prehearing conference, the parties filed their respective briefs and presented oral argument on their briefs. The Administrative Law Judge issued a Proposal for Decision. Petitioner filed exceptions, which were considered.

**TEA 00655**

Texas assault leave statute

Texas assault leave, enacted in 1983, is currently codified in a Texas school law entitled, "Minimum Personal Leave Program." Tex. Educ. Code § 22.003. The statute provides, in relevant part,

> In addition to all other days of leave provided by this section or by the school district, an employee of a school district who is physically assaulted during the performance of the employee's regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault. At the request of an employee, the school district must immediately assign an employee to assault leave and, on investigation of the claim, may change the assault leave status and charge the leave against the employee's accrued personal leave or against an employee's pay if insufficient accrued personal leave is available. Days of leave taken under this subsection may not be deducted from accrued personal leave. The period provided by this subsection may not extend more than two years beyond the date of the assault. Notwithstanding any other law, assault leave policy benefits due to an employee shall be coordinated with temporary income benefits due from workers' compensation so that the employee's total compensation from temporary income benefits and assault leave policy benefits equals 100 percent of the employee's weekly rate of pay.

Tex. Educ. Code § 22.003(b).

As Petitioner points out, this statute has remained substantially the same since its enactment in 1983, including through its 1995 recodification into § 22.003. Petitioner argues that its "clear legislative intent was to hold employees harmless for a period of up to two years for absences resulting from a student assault." She argues that if Respondent runs her assault leave concurrently with her FMLA and Temporary Disability Leave, it violates § 22.003(b) by subtracting her assault leave from her FMLA and Temporary Disability Leave, contravening the "in addition to" language that Petitioner argues requires "stacking," or consecutive running of leave. Respondent disagrees, arguing that stacking leave as Petitioner proposes would create unintended windfalls of extensive leave to teachers and noting that the Texas Association of School Board's (TASB's) model forms adopted by the majority of school districts statewide have long recognized that the assault leave statute does not require stacking of other types of leave with assault leave.

TEA 00656

Mootness

As a preliminary matter, Respondent argues that Petitioner's FMLA issue is moot. Mootness is an aspect of a case's justiciability and implicates subject-matter jurisdiction. The question is whether there is a real, live controversy that the requested relief can resolve. *Alphonso Crutch Life Support Ctr., Inc. v. Morath*, No. 03-15-00509-CV, 2016 LEXIS 9923, at *7–8 (Tex. App.—Austin Sept. 7, 2016, pet. denied) (mem. op.); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *Empower Texans, Inc. v. Tex. Ethics Comm'n*, No. 03-16-00872, 2018 Tex. App. LEXIS 6072, at *5–6 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op.). A case becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy when none exists or (2) when one seeks judgment on some matter which, then rendered for any reason, cannot have a practical legal effect on a then-existing controversy. *See Morath*, 2016 Tex. App. LEXIS 9923, at *7. In such a case, the party loses standing to maintain the party's claim, which must be dismissed. *Id.*

Respondent argues that Petitioner's FMLA has become moot because Petitioner lacks the required 1250 work hours in the preceding twelve-month period to entitle her to take FMLA leave, as she has not worked any hours in the preceding twelve months. Petitioner concedes that she is not currently entitled to FMLA leave and will not regain entitlement unless and until she meets its annual work-hour requirement. However, Petitioner argues that the matter is not moot because the continued existence of Respondent's Policy DEC (Local) alone supports a case or controversy.

Standing principles do not permit Petitioner to appeal on other teachers' behalf to avoid mootness. Mootness concerns whether she has a live controversy with Respondent that the Commissioner can resolve in this appeal. The Commissioner cannot resolve the FMLA issue Petitioner raises, as he cannot remand the issue to Respondent, where there is nothing to resolve, as Petitioner is receiving assault leave benefits and has no FMLA entitlement. He cannot require Respondent to restore FMLA leave to which Petitioner is currently not entitled under federal law.

TEA 00657

Because there is no live controversy for the Commissioner to resolve regarding Petitioner's currently unavailable FMLA leave entitlement, that issue has become moot.[1]

"Capable of repetition, yet evading review" exception to the mootness doctrine

Both parties addressed whether Petitioner's claim falls under one of the limited exceptions to the mootness doctrine, the "capable of repetition, yet evading review" exception. *See Williams v. Huff*, 52 S.W.3d 171, 184 (Tex. 2001). The Texas Supreme Court has recognized that this exception applies "only in rare circumstances." *Id.* (citing *L.A. v. Lyons*, 461 U.S. 95, 109 (1983)). To invoke it, a party must prove that (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Id.*

Regarding the first prong, Petitioner's FMLA ineligibility is due to federal eligibility requirements unrelated to Respondent's leave policy. In other words, the reason Petitioner lost her FMLA eligibility is that when she took several months of assault leave, her work-hour requirement fell below the annual threshold to maintain FMLA entitlement. The mootness of this issue is not due to fact that Respondent's challenged action (running leave concurrently) was too short in duration to be litigated before it ceased or expired. Instead, it is due to federal eligibility requirements that would apply whether Respondent ran Petitioner's leave concurrently or consecutively. No employee could maintain FMLA eligibility on long-term continuous leave.

---

[1] In her exceptions, Petitioner argues that a live controversy exists despite her FMLA ineligibility because Respondent's leave policies are illegal, and she is entitled to present an issue regarding her contract's validity, given its incorporation of the alleged illegal policies. For support, Petitioner cites the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code § 37.004. A section 7.057 administrative appeal to the Commissioner is not a suit for declaratory relief, which is a non-appellate proceeding brought in Texas courts of record, not before state agencies. *Id.* § 37.003(a). The Commissioner lacks UDJA jurisdiction and further cannot order declaratory relief, attorneys' fees, costs, or other relief under Chapter 37. *See* Tex. Civ. Prac. & Rem. Code Ch. 37; 19 Tex. Admin. Code § 157.1073(h). For that reason, Petitioner's citation of the UDJA does not restore a live controversy to her appeal.

Petitioner also argues that under *Click v. Tyra*, 867 S.W.2d 406 (Tex. App.—Houston [14th Dist.] 1993, no writ), application of an official policy to others is sufficient to maintain standing. That case was a mandamus action, where the relator sought to require the clerk to prepare and file the record without requiring advance payment, in addition to the relator's paid bond. During the mandamus proceedings, the clerk filed the record, potentially mooting the issue. However, the Court received numerous amicus briefs advising it that the advance payment requirement was a recurring issue with the clerk. The Court also noted that in the briefing still pending before it, the clerk indicated an intent to continue that practice. *Id.* at 409. For those reasons, the Court stated, "We find we must speak to the problem rather than treat it as moot." Here, by contrast, nothing in the record indicates that the issue Petitioner raises is a recurring problem in Respondent's district. As Respondent notes, during Petitioner's more than two decades of employment with Respondent, the concurrent leave issue has arisen only once. There is no record evidence that this was a recurring issue for others, as the Court considered in *Click*. *Click* is unpersuasive here.

TEA 00658

Petitioner concedes that her ineligibility is based on this independent factor. She does not meet the first prong of this exception to the mootness doctrine.

Petitioner also fails to meet the second prong of this exception to the mootness doctrine, which requires her to show a reasonable probability that she will again be subjected to the complained-of issue in the future. *Id.* For that to occur, a number of progressively remote contingencies would need to fall into place. Petitioner would need (1) to return to work (2) with Respondent and (3) work at least 1250 hours in a twelve-month period to regain her FMLA eligibility. She would then need (4) to suffer another work injury that requires her to take leave, which would also need (5) to be a qualifying assault under § 22.003(b). For Policy DEC (Local)'s concurrent leave provision to create a justiciable claim, the duration of that future assault leave would need to be shorter than Petitioner's current leave, as the same FMLA ineligibility would recur if Petitioner again fell below the FMLA work-hour requirement. Thus, Petitioner would need a sufficiently short period of assault leave (fewer than 12 weeks) to maintain some—but not all—of her FMLA eligibility due to Respondent's concurrent running of her assault and FMLA leave.

Having met all these contingencies, Petitioner would then need (6) a separate FMLA-qualifying event to occur (7) before she restored her full annual FMLA entitlement, at which point she would have a live controversy over whatever "subtracted" FMLA eligibility remained after her assault leave expired.

While arguably conceivable, this sequence of events is not reasonably probable. Petitioner has not satisfied the second prong for this exception to the mootness doctrine. Having met neither prong of the limited "capable of repetition, yet evading review" exception to the mootness doctrine, Petitioner's FMLA issue is moot and is therefore dismissed.

Temporary Disability Leave

Petitioner also complains that Respondent erroneously denied her grievance complaining that Respondent concurrently ran her assault leave and Temporary Disability Leave. The Temporary Disability Leave statute, Texas Education Code § 21.409, provides, in relevant part,

TEA 00659

**(a)** Each full-time educator employed by a school district shall be given a leave of absence for temporary disability at any time the educator's condition interferes with the performance of regular duties. The contract or employment of the educator may not be terminated by the school district while the educator is on a leave of absence for temporary disability. . . .

**(b)** A request for a leave of absence for temporary disability must be made to the superintendent of the school district. The request must be accompanied by a physician's statement confirming inability to work and must state the date requested by the educator for the leave to begin and the probable date of return as certified by the physician.

**(c)** The board of trustees of a school district may adopt a policy providing for placing an educator on leave of absence for temporary disability if, in the board's judgment and in consultation with a physician who has performed a thorough medical examination of the educator, the educator's condition interferes with the performance of regular duties. A policy adopted under this subsection must reserve to the educator the right to present to the board testimony or other information relevant to the educator's fitness to continue the performance of regular duties.

…

**(e)** An educator returning to active duty after a leave of absence for temporary disability is entitled to an assignment at the school where the educator formerly taught, subject to the availability of an appropriate teaching position. In any event, the educator must be placed on active duty not later than the beginning of the next term.

**(f)** The length of a leave of absence for temporary disability shall be granted by the superintendent as required by the individual educator. The board of trustees of a school district may establish a maximum length for a leave of absence for temporary disability, but the maximum length may not be less than 180 days.

Tex. Educ. Code § 21.409.

The Temporary Disability Leave statute does not address whether disability leave runs concurrently or consecutively with other types of leave. Respondent's Policy DEC (Local), contained in the local record, sets a maximum length of disability leave for Chapter 21 teachers at 180 days, in compliance with the statute. *Id.* § 21.409(f). The policy also provides, "The District shall require the employee to use temporary disability leave and paid leave, including any compensatory time, concurrently with FMLA leave." The issue Petitioner raises is whether Respondent's Policy DEC (Local)'s concurrent running of her assault leave and Temporary Disability Leave violated § 22.003(b).

Exhaustion of administrative remedies

Respondent argues that Petitioner failed to exhaust her administrative remedies regarding her Temporary Disability Leave issue by focusing on her FMLA leave issue before the board,

**TEA 00660**

making "cursory at best" references to her disability leave. However, Petitioner included her Temporary Disability Leave issue in her grievance, including in her Level 3 appeal form, where she complained that Respondent violated § 22.003 by concurrently running both her FMLA and Temporary Disability Leave with her assault leave. The Temporary Disability Leave and FMLA legal arguments largely overlap, as both concern whether § 22.003 requires consecutive leave. Petitioner complained that Respondent's Policy DEC (Local) violates the assault leave statute by running both leave types concurrently with assault leave. Even if Petitioner did focus on her FMLA leave issue in her grievance appeal to the board, the board had fair notice of the Temporary Disability Leave issue and its alleged violation of § 22.003(b). Moreover, Respondent addressed both the FMLA leave and Temporary Disability Leave issues in its Level II decision. The board then upheld that decision. Petitioner exhausted this issue, and moreover, the board decided it.[2]

<u>Does the assault leave statute require school districts to consecutively run employees' leave?</u>

Petitioner argues that § 22.003's clause, "*In addition to all other days of leave provided by this section or by the school district*," precludes school districts from running any of an employee's leave entitlements concurrently with the employee's assault leave. *See* Tex. Educ. Code § 22.003(b) (emphasis added). Petitioner argues that the emphasized text requires all available leave to be run consecutively with an employee's assault leave to avoid "subtracting" that leave from assault leave, which violates the statute's "in addition to" language. According to Petitioner, this is the only reasonable interpretation of § 22.003(b), because otherwise, an employee's leave is subtracted from his or her assault leave, and "addition does not mean subtraction."[3]

Respondent argues that Petitioner's interpretation is overly expansive, noting the statute's modifying words, "all other days of leave *provided by this section or by the school district*." Tex. Educ. Code § 22.003(b) (emphasis added). The leave "provided by this section" plainly refers to the personal leave addressed in § 22.003 and does not refer to all employee leave entitlements,

---

[2] To the extent Petitioner's issue was her ability to take Temporary Disability Leave in the future for another condition qualifying her for such leave, Petitioner points to no bar to taking that leave for a future qualifying condition. Petitioner's issue presented here appears to be her inability to stack her leave for the assault injury to begin after her two years of assault leave entitlement concludes.

[3] Petitioner cites Texas Local Government Code § 154.005's use of "in addition to a salary" when permitting judicial officials to accept certain fees for performing marriage ceremonies. Tex. Loc. Gov't Code § 154.005(a), (b). However, she cites no authorities construing that language, which also does not contain the modifiers present here.

**TEA 00661**

whether arising under other Education Code sections, state law outside the Education Code, or federal law.[4] Section 22.003, entitled "Minimum Personal Leave Program," addresses employees' *personal* leave. It does not expressly address or incorporate other types of leave, such as federal or state disability leave. Subsection 22.003(a) mandates that school district employees receive a minimum of five days of personal leave each year, with no limit on personal leave accumulation, and provides that school districts "may provide additional personal leave beyond this minimum." Tex. Educ. Code § 22.003(a). This is personal leave "provided by the school district."

The legislature used the words "provided . . . by the school district," not "provided . . . by other law." Federal and state laws establish employees' FMLA and disability leave entitlements, not school districts, which must comply with those laws but do not "provide" that leave, in the sense that § 22.003(a) permits districts to provide employees with additional personal leave. To find that "other leave provided by the school district" means all leave that is available to employees requires one to infer legislative intent. A clearer, more direct reading of § 22.003 is that it addresses employees' personal leave—including the additional personal leave that a school district may provide under subsection 22.003(a)—and how school districts must handle personal leave when an employee takes assault leave.

Because § 22.003 does not expressly address either FMLA or state disability leave, but does address personal leave, Petitioner fails to show that Respondent violated § 22.003 by running her assault leave concurrently with either her FMLA leave (which as addressed above is a moot issue in this appeal) or her Temporary Disability Leave, which is not personal leave. This issue is denied.

Conclusion

Petitioner's claim that the board violated Texas Education Code § 22.003 by running her FMLA leave concurrently with her assault leave is moot, and Petitioner has not shown that the rare, "capable of repetition, yet evading review" exception to mootness applies. Petitioner fails to

---

[4] Section 22.003 specifically references Texas Workers' Compensation, which is not leave but a comprehensive statutory framework intended to provide income and medical benefits to injured workers for qualifying work injuries.

TEA 00662

show that the board violated § 22.003 by running her Temporary Disability Leave concurrently with her assault leave.

## CONCLUSIONS OF LAW

After due consideration of the record, matters officially noticed, and the foregoing Findings of Fact, in my capacity as the Commissioner of Education, I make the following Conclusions of Law:

1. The Commissioner has jurisdiction over some claims in this appeal. Tex. Educ. Code § 7.057(a)(2)(A).

2. The Commissioner lacks jurisdiction over Petitioner's FMLA issue regarding whether Respondent violated Texas Education Code § 21.003(b) by running her assault leave concurrently with her FMLA leave, in accordance with its Policy DEC (Local). This issue has become moot because Petitioner fell below the FMLA's minimum work-hour eligibility requirements and will not regain FMLA eligibility unless and until she returns to work for at least 1250 hours within a twelve-month period.

3. The Commissioner cannot resolve any live controversy between Petitioner and Respondent regarding her FMLA eligibility.

4. Petitioner fails to establish that she meets the limited "capable of repetition, yet evading review" exception to the mootness doctrine.

5. Petitioner exhausted her administrative remedies on her Temporary Disability Leave complaint by presenting that complaint to Respondent's school board, which decided the issue.

6. Petitioner fails to show that Respondent's board violated Texas Education Code § 22.003 by running her Temporary Disability Leave concurrently with her assault leave.

7. Petitioner's appeal is dismissed in part and denied in part.

## ORDER

After due consideration of the record, matters officially noticed and the foregoing Findings of Fact and Conclusions of Law, in my capacity as Commissioner of Education, it is hereby

032-R10-02-2024                10

**TEA 00663**

ORDERED that the Petitioner's appeal be, and is hereby, DISMISSED in part and DENIED in part.

SIGNED AND ISSUED this 14th day of November 2024.

Mike Morath

Digitally signed by Mike Morath
Date: 2024.11.14 6:48:06
-06'00'

MIKE MORATH
COMMISSIONER OF EDUCATION

TEA 00664

# APPENDIX C

# STATUTES AND REGULATIONS

**Texas Education Code, Section 22.003(b)**

In addition to all other days of leave provided by this section or by the school district, an employee of a school district who is physically assaulted during the performance of the employee's regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault. At the request of an employee, the school district must immediately assign an employee to assault leave and, on investigation of the claim, may change the assault leave status and charge the leave against the employee's accrued personal leave or against an employee's pay if insufficient accrued personal leave is available. Days of leave taken under this subsection may not be deducted from accrued personal leave. The period provided by this subsection may not extend more than two years beyond the date of the assault. Notwithstanding any other law, assault leave policy benefits due to an employee shall be coordinated with temporary income benefits due from workers' compensation so that the employee's total compensation from temporary income benefits and assault leave policy benefits equals 100 percent of the employee's weekly rate of pay.

**Texas Education Code Section 21.409**

(a) Each full-time educator employed by a school district shall be given a leave of absence for temporary disability at any time the educator's condition interferes with the performance of regular duties. The contract or employment of the educator may not be terminated by the school district while the educator is on a leave of absence for temporary disability. "Temporary disability" in this section includes the condition of pregnancy.

(b) A request for a leave of absence for temporary disability must be made to the superintendent of the school district. The request must be accompanied by a physician's statement confirming inability to work and must state the date

requested by the educator for the leave to begin and the probable date of return as certified by the physician.

(c) The board of trustees of a school district may adopt a policy providing for placing an educator on leave of absence for temporary disability if, in the board's judgment and in consultation with a physician who has performed a thorough medical examination of the educator, the educator's condition interferes with the performance of regular duties. A policy adopted under this subsection must reserve to the educator the right to present to the board testimony or other information relevant to the educator's fitness to continue the performance of regular duties.

(d) The educator must notify the superintendent of the desire to return to active duty not later than the 30th day before the expected date of return. The notice must be accompanied by a physician's statement indicating the educator's physical fitness for the resumption of regular duties.

(e) An educator returning to active duty after a leave of absence for temporary disability is entitled to an assignment at the school where the educator formerly taught, subject to the availability of an appropriate teaching position. In any event, the educator must be placed on active duty not later than the beginning of the next term.

(f) The length of a leave of absence for temporary disability shall be granted by the superintendent as required by the individual educator. The board of trustees of a school district may establish a maximum length for a leave of absence for temporary disability, but the maximum length may not be less than 180 days.

### 29 U.S.C. 2612 (d)

(2) Substitution of paid leave

  (A) In general

    An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided under subparagraph (A), (B), (C), or

(E) of subsection (a)(1) for any part of the 12-week period of such leave under such subsection.

**29 C.F.R. 825.207(b)**

If neither the <u>employee</u> nor the <u>employer</u> elects to substitute paid leave for unpaid FMLA leave under the above conditions and circumstances, the <u>employee</u> will remain entitled to all the paid leave which is earned or accrued under the terms of the <u>employer</u>'s plan.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melody Montemayor on behalf of Richard Arnett
Bar No. 1333300
admin@teacher.legal
Envelope ID: 106254443
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief Of Appellant Laura McClelland
Status as of 9/30/2025 12:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melody Montemayor | | melody@teacher.legal | 9/30/2025 11:50:31 AM | SENT |
| Jefferson K.Brim, III | | jay@teacher.legal | 9/30/2025 11:50:31 AM | SENT |
| Richard Arnett | | rarnett@arnettlaw.net | 9/30/2025 11:50:31 AM | SENT |
| Colby Rideout | | colby@leasorcrass.com | 9/30/2025 11:50:31 AM | SENT |
| Mike Leasor | | mike@leasorcrass.com | 9/30/2025 11:50:31 AM | SENT |
| Laura McClelland | | macsnojo@gmail.com | 9/30/2025 11:50:31 AM | SENT |
| Keegan Howe | | keegan.howe@oag.texas.gov | 9/30/2025 11:50:31 AM | SENT |
| Mike Morath | | mike.morath@tea.texas.gov | 9/30/2025 11:50:31 AM | SENT |